## STATE v. SIMON JORDAN.

Whenever there is a criminal intent to commit a felony, and some *act* is done amounting to an attempt to accomplish the purpose without doing it, the perpetrator is indictable as for a misdemeanor.

INDICTMENT for *an attempt to commit burglary*, tried before MOORE, J., at December (Special) Term, 1875, of HALIFAX Superior Court.

The bill of indictment charges that the defendant " did attempt to commit an offence prohibited by law, to wit: did feloniously, burglariously, maliciously and secretly attempt to break and enter the dwelling house of one Spier Whitaker, there situate, in the night time of the day aforesaid, by being then and there in the porch of said dwelling house, and by then and there endeavoring feloniously, burglariously, maliciously and secretly, to break open the door and window of said dwelling house with the intent, &c."

Upon motion of the prisoner's counsel, his Honor quashed the bill and the State appealed.

*Attorney General Hargrove*, with whom was *Bledsoe*, for the State, cited: Wharton's Crim. Law, sec. 2,696; *Rex* v. *Kinnersley*, 1 Str. 193; *The King* v. *Higgins*, 2 East's R. 4.

No counsel for the defendant in this Court.

READE, J.   Whenever there is a criminal intent to commit a felony—as in this case burglary—and some *act* is done amounting to an attempt to accomplish the purpose without doing it, the perpetrator is indictable as for a misdemeanor.   Wharton's Criminal Law, sec. 2,696.   *The King* v. *Higgins*, 2 East. R. 4, is a very full and satisfactory authority.

It was error to quash the indictment.   This will be certified.

PER CURIAM.                            Judgment reversed.