## STATE v. NELSON PORTER.

*Indictment for burning a barn.*

An indictment under the statute for burning a barn must aver that the act was done " with intent thereby to injure or defraud" some person. THE CODE, §985, sub-div. 6. And an indictment for such offence at common law must charge that the barn contained hay or grain, or is parcel of the dwelling-house.

INDICTMENT for burning a barn tried at Spring Term, 1884, of MECKLENBURG Superior Court, before *MacRae, J.*

This was an appeal from the inferior court of Mecklenburg county, where the defendant was convicted.

The indictment: " The jurors for the state upon their oath present, that Nelson Porter and Dock Howard, of Mecklenburg, in the county of Mecklenburg, on the 1st day of November in the year 1883, with force and arms, a certain building, to-wit, a barn, the property of one H. K. Reid, there situate, feloniously, wilfully and maliciously did set fire to and burn, against the peace and dignity of the state and against the form of the statute in such case made and provided."

In the inferior court the counsel for the defendant moved in arrest of judgment, but the court refused the motion and the defendant appealed. In the superior court the motion was renewed and His Honor being of opinion that the indictment was good at common law, affirmed the judgment of the inferior court, and the defendant appealed.

*Attorney-General,* for the State.

No counsel for the defendant.

ASHE, J.　The judgment pronounced by His Honor was erroneous. The judgment should have been arrested. The indictment cannot be sustained at common law or under the statute. Not under the statute, because it fails to charge that the act was done *with intent to injure or defraud some person.* THE CODE, §985, sub-div. 6. Nor can it be sustained at common law, because it was not an indictable offence at common law to burn a barn, unless the indictment contained the averment that it contained hay or grain, or was a parcel of the dwelling-house.

The following definition of the offence at common law is given by Sir MATTHEW HALE: " The felony of arson or wilful burning of houses is described by LORD COKE to be the mali-

cious and voluntary burning the house of another by night or day. It extendeth not only to the very dwelling-house, but to all out-houses that are a part thereof, though not contiguous to it, or under the same roof, as in case of burglary, the barn, stable, cow-house, sheep-house, dairy-house, milk-house. But if the barn or out-house be not parcel of the dwelling-house, it is not felony unless the barn have hay or grain in it." 1 Hale P. C., 566–7. All the writers of criminal law give substantially the same definition. See 2 Russell on Crimes, 1024; Wharton on Criminal Law, vol. 2, §1058. If the indictment had charged that the barn contained hay or grain, or that it was a parcel of the dwelling-house, the indictment would have been good at common law. The common law only threw its protection over such houses as were used for the habitation of man. The judgment must be arrested. Let this opinion be certified to the superior court of Mecklenburg county.

Error.                                          Judgment arrested.