STATE v. JAMES COLVIN.

*Indictment for an attempt to commit a crime.*

In an indictment for an attempt to commit a crime (here burglary), some overt acts of the accused, which in the ordinary course of things would result in the commission of the particular crime, must be alleged and proved.

(*State* v. *Utley*, 82 N. C., 556 ; *State* v. *Jordan*, 75 N. C., 27, cited and approved).

INDICTMENT for an attempt to commit burglary, tried at January Term, 1884, of ROBESON Superior Court, before *MacRae, J.*

The defendant was tried upon a bill of indictment which is substantially as follows:    The jurors, &c., present that the defendant, &c., about the hour of ten in the night of the same day, with force and arms, &c., did feloniously attempt to break and enter the dwelling-house of Edward Surles, with intent the goods and chattels, &c., feloniously to steal, take and carry away, against the form of the statute, &c.

The jury found the defendant guilty, and thereupon his counsel moved in arrest of judgment upon the ground that the bill fails to state any acts of the defendant in carrying out his alleged design.    The court allowed the motion and the state solicitor appealed.

*Attorney-General,* for the State.
*Messrs. French & Norment,* for defendant.

ASHE, J. The attempt to commit a crime is an indictable offence at common law. It, however, must be an attempt which stands in such connection with a projected deliberate crime that the crime, according to the usual and likely course of events, will follow from the attempt. 2 Whar. Cr. Law, §2705. And the same writer proceeds to say: "It is a familiar principle of criminal pleading, that where an act is only indictable under certain conditions, then these conditions must be stated in the indictment."

In examining the authorities upon the subject, we find this principle of criminal pleading to obtain with unvarying uniformity. The only exceptions are when the indictments were drawn under statutes declaring what shall be indictable attempts.

In Virginia, an indictment simply averring that the defendant did attempt feloniously to maim, was held to be insufficient because it did not allege some act done by the defendant of such nature as to constitute an attempt to commit the offence mentioned in the indictment. *Clark's case*, 6 Gratt., 675.

In Connecticut, it was held that though an attempt to commit a crime involves both a guilty intent and an *overt act*, yet it is not enough to charge an attempt merely, but both the intent and the overt act must be specifically alleged, and the overt act must be such as is in itself adapted to produce the effect intended. *State* v. *Wilson*, 30 Conn., 500.

In Wharton's Precedents (386) the form of an indictment at common law for an attempt to break into a dwelling-house is given, which is said to have been drawn by the Attorney-General of Pennsylvania in 1787, and it contains no averment of any overt act. But in 1821, in the case of *Randolph* v. *Commonwealth*, 6 Sergt. & R., 397, the supreme court of that state decided that an indictment, charging an attempt to pick the pocket of one B with intent to steal the money, property, goods and chattels of the said B, was too vague and uncertain to be supported. The court in the conclusion of the opinion use the following language: "To say that a man made an attempt is very uncertain

language. We cannot pretend to say what it is the defendant is charged with doing, and without knowing that we cannot determine whether what he did was an indictable offence. There is no precedent in support of such an indictment, and it appears to the court to be too loose, too vague, too uncertain to be supported." See upon same point 2 Bennett & Heard, L. C. C., 171.

In the case *State* v. *Utley*, 82 N. C., 556, and *State* v. *Jordan*, 75 N. C., 27, which are the only cases we have met with in our Reports where defendants were indicted for an attempt to commit a crime, the indictments conformed to the principle of pleading mentioned in the above cited cases, by averring the overt act constituting the attempt.

From an investigation of the authorities upon the subject, our conclusion is, that, to warrant the conviction of a defendant for such an offence, it is essential that the defendant should have done some acts intended, adapted, approximating, and, in the ordinary and likely course of things, would result in the commission of a particular crime; and this must be averred in the indictment and proved.

This indictment contains no such averment, and the judgment must therefore be arrested. There is no error. Let this be certified to the superior court of Robeson county.

No error.                                          Affirmed.