STATE v. HEFNER.

(Filed November 26, 1901.)

ATTEMPTS TO COMMIT CRIME—*Indictment—Overt Act—Buggery —Trial.*

> In an indictment for an attempt to commit a crime, here buggery, some overt act must be alleged.

INDICTMENT against Arthur Hefner, heard by Judge *W. B. Council* and a jury, at October Term, 1901, of the Superior Court of CATAWBA County.

Indictment for buggery, tried before Council, J. "The jurors, etc., present that Arthur Hefner, etc., with force and arms, at and in the county aforesaid, did unlawfully, wilfully and feloniously, abominably and detestably attempt to commit the crime against nature with a beast, to-wit, a cow, against the form of the statute," etc. Verdict of guilty. Defendant moved in arrest of judgment for that the indict-

ment failed to charge any overt act constituting the alleged attempt, and that in an indictment for an attempt to commit a felony, some overt act must be charged.    Motion sustained, and the Solicitor for the State appealed.

*Brown Shepherd,* for the Attorney-General, for the State.
*Self & Whitener,* for the defendant.

COOK, J.    His Honor did not err in sustaining the motion in arrest.    When an *attempt* is charged, it is necessary that some act constituting such attempt should be laid, as the *attempt* is not *per se* indictable, and needs extraneous facts to make it the subject of an indictment.    Whatrton's Cr. Pl. and Pr. (9th Ed.), sec. 159.    In *State v. Colvin,* 90 N. C., 717 (indictment for attempt.to commit burglary), the Court says: "From an investigation of the authorities upon the subject, our conclusion is that to warrant the conviction of a defendant for such an offense, it is essential that the defendant should have done some act intended, adapted, approximating and in the ordinary and likely course of things would result in the commission of a particular crime, and this must be averred in the indictment and proved."    In *State v. Brown,* 95 N. C., on page 688, the Court cites with approval 2 Wharton Cr. Law, sec. 2703 : "Attempt is a term peculiarly indefinite," and adds, "and consequently the facts which develop the attempt should be set out so as to show that the attempt is itself criminal."    In *State v. Crews,* 128 N. C., 581, 582, the Court, in citing with approval *State v. Colvin, supra,* says: "This is not an attempt to commit another crime, in which case the overt act must be charged."

The principle being well established, we deem it unnecessary to encumber our records with a further discussion of the subject in this case.    There is

No Error.