STATE v. W. E. PERRY AND HERBERT HORTON.

(Filed 25 February, 1920.)

**Intoxicating Liquor — Manufacture — Evidence — Questions for Jury — Trials.**

Testimony tending to show that the defendants came in the early morning to a place where everything was complete for the illicit manufacture of intoxicating liquor except the still itself, which they brought and placed on the furnace already there, and cut wood and did other acts for operating the distillery, is not solely evidence of an intent to commit the unlawful act, but circumstantial of the fact that the defendants were engaged in this unlawful business, and sufficient for the determination of the jury.

APPEAL by defendants from *Connor, J.,* at the Fall Term, 1919, of CHATHAM.

Indictment for manufacturing intoxicating liquor, and aiding and abetting in same. The defendants were convicted and appealed to this Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. P. Horton and A. C. Ray for defendants.*

BROWN, J.   The only error assigned is the judge's failure to give judgment as of nonsuit against the State. The evidence is as follows:

"Rev. George Perry testified that he is now and was during the month of September, 1919, the pastor of the Methodist Episcopal Church at Bynum, in Chatham County; that for the purpose of aiding in the enforcement of the law prohibiting the manufacture and sale of intoxicating liquor, he had accepted an appointment as a deputy sheriff of Chatham County; that on the night of the 7th of September, 1919, in consequence of information which came to him, he, with five other citizens of the community, went to a place in the woods in Chatham County, where they found several boxes of still beer, which was in proper state of fermentation for being converted into whiskey.; that nearby they discovered a furnace, under which were ashes and coals; that there were buckets and .tools at the place, and around the furnace there were tracks and paths indicating that there had been several persons there.  That he and the members of his party concealed themselves, and about 2 o'clock in the morning of September 8th Mid Cooper and the defendant Herbert Horton came to the place where the boxes of beer and the furnace were, bringing with them a whiskey distillery which they placed on the furnace; that the said Cooper and defendant Horton remained there some time, both being engaged in setting the distillery in order, connecting up the different parts, adjusting the cap upon the still, and collecting wood; that after examining the beer they both left.  That the witness and members of his party remained in the woods, concealed, until some time thereafter, when the defendants, Perry and Horton, came back to the distillery.  Cooper did not return with them; that both defendants began to work about the distillery, cutting and gathering wood, and placing same near the furnace; that they inspected the beer from time to time; that while they were thus engaged witness and members of his party attempted to arrest both defendants; both defendants, however, fled when they saw witness and his party, and escaped."

The defendants set up an alibi.  There was evidence offered by the State tending to corroborate the evidence of the witness Perry.  The learned counsel for the defendant very earnestly contend that this evidence is not sufficient to justify the submission to the jury the determination of the guilt of the defendants in that it fails to identify the defendants or to prove that they were engaged in the manufacture of intoxicating liquor.  We have listened to their argument and weighed it carefully.  It is true, as contended by them, that one who has a mere intent to commit a crime is neither guilty of the crime intended, nor any other crime.  But the testimony in this case offered for the State tends to prove something more.  It does not necessarily convict the defendants of the manufacture of intoxicating liquor, but all the circumstances, taken as a

whole, are amply sufficient to go to the jury to be considered and weighed by them in determining the guilt or innocence of the defendants. This evidence tends to prove that the witness Perry, with others, went to a place in the woods where it was suspected the illicit manufacture of liquor was carried on. They found boxes of still beer in fermentation for conversion into whiskey. Nearby they discovered a furnace under which were ashes and coals—all the implements necessary for the distillation of liquor were present. Around the furnace were tracks and paths, indicating that several persons had been there. The witness Perry and others with him concealed themselves in the neighborhood of the still and about 2 o'clock in the morning the defendants came to the place where the beer and furnace were, with a distillery which they placed on the furnace.

It is useless to recite more of the testimony of the witness. The entire evidence is set out and speaks for itself.

We are all of opinion that the learned judge of the Superior Court did right in submitting the guilt or innocence of the accused to the jury. It is not necessary for the State to prove directly that the distillery was in operation at that very moment. The circumstances in evidence are sufficient to warrant the jury in coming to the conclusion that the defendants were engaged in the business of illicit distilling.

No error.