### STATE v. JOSEPH ADDOR AND J. A. YOW.

(Filed 22 February, 1922.)

**1. Criminal Law—Attempt—Statutes.**

An attempt to commit a crime is an indictable offense, and on proper evidence, a conviction may be sustained on a bill of indictment making a specific and sufficient charge thereof, or one which charges a complete offense. C. S., 4640.

**2. Same—Preparation—Intent—Overt Acts.**

The intent, though connected with preparations to commit a criminal offense, is not alone sufficient for a conviction of the attempt, unless connected with some overt act or acts towards the end in view that will, in the judgment of the one charged, and as matters appeared to him, result in the consummation of the contemplated purpose. C. S., 4640.

**3. Same—Spirituous Liquor—Intoxicating Liquor—Verdict—Judgment.**

Upon the trial for an attempt to violate our statute in the manufacture of intoxicating liquor, it was established by a special verdict that the defendants placed a bag of meal and nailed a coffee mill to a tree at the place of intended operation, with intent to manufacture the liquor, but that they had no still, but had a promise of one later: *Held,* insufficient to sustain a judgment of guilty of an attempt to commit the offense charged. C. S., 4640.

CLARK, C. J., dissenting.

CRIMINAL ACTION, determined on special verdict before *Ferguson, J.,* and a jury, at Fall Term, 1921, of MOORE.

The bill of indictment charged defendants in three counts:

1. With unlawful manufacturing of spirituous liquors.

2. Unlawfully aiding in such manufacturing.

3. In an unlawful attempt to manufacture, and setting forth the overt act, etc. Upon the evidence the jury rendered the following special verdict:

STATE *v.* ADDOR.

"In the above-entitled cause the jury rendered the following special verdict, to wit: That defendants, in June, 1921, placed a bag of meal in a swamp of Drowning Creek, Moore County, and at the same time and place nailed a coffee mill to a tree; that on 6 June, 1921, defendants placed two empty barrels in the swamp near said mill; that on 7 June, 1921, the defendants were arrested on a public highway near said swamp by a deputy sheriff, and the defendants had some meal and bran; that, at the time of being arrested, defendants stated to the sheriff that they intended to make some liquor out of said meal and bran; that defendants did not have a still, but stated that some one had promised to let them have a still later; that defendants intended to make some liquor, if they could get a still, but they never got a still and never made any liquor."

The above constitutes all the defendants did.

If, upon the foregoing verdict, the Court is of the opinion that defendants are guilty, then the jury for their verdict say the defendants are guilty; but, if upon said special verdict the Court is of the opinion that the defendants are not guilty, then the jury for their verdict say that the defendants are not guilty.

And on said special verdict the Court, being of opinion that defendants were not guilty, the verdict is so entered, and State excepted and appealed, assigning for error that on the facts established in the special verdict, defendants were guilty of an unlawful attempt, etc.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*R. L. Burns for the defendants.*

HOKE, J. An attempt to commit a crime is an indictable offense, and as a matter of form and on proper evidence, in this jurisdiction, a conviction may be sustained on a bill of indictment making the specific charge, or one which charges a completed offense. *S. v. Colvin,* 90 N. C., 718; C. S., 4640. In 3 A. & E., p. 250, an unlawful attempt to commit a crime is defined as an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual commission and possessing, except for failure to consummate, all the elements of the substantive crime; and in 16 Corpus Juris, at p. 113, it is said that an unlawful attempt is compounded of two elements: First, the intent to commit it; and, second, a direct, ineffectual act done towards its commission.

Speaking to the subject in 1st McClain's Criminal Law, at p. 190, the author says: "In a recent case the Court endeavors to cover the whole ground by saying that, 'An act must reach far enough towards the accomplishment of the desired result to amount to the commencement of

the consummation, and must not be merely preparatory.' In other words, while it need not be the last proximate act to the consummation of the offense attempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in the direct movement towards the commission of the offense after the preparations are made. As said in another case: 'It need not be the last proximate act to the consummation of the crime in contemplation, but is sufficient if it be an act apparently adapted to produce the result intended. It must be something more than mere preparation.' "

And to the same effect in 8th R. C. L., at p. 279, it is said: "In order to constitute an attempt, it is essential that the defendant, with the intent of committing the particular crime, should have done some overt act adapted to, approximating, and which in the ordinary and likely course of things would result in the commission thereof. Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory. In other words, while it need not be the last proximate act to the consummation of the offense attempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made."

In the note to *People v. Moran,* 123 N. Y., 254, reported in 20 A. S. R., at p. 732, the editor quotes the definition appearing in Steven's Digest of the Criminal Law, p. 33, as follows: "An attempt to commit a crime is an act done with intent to commit that crime, and forming a part of a series of acts which would constitute its actual commission, if it were not interrupted," and the authorities cited in these text-books of approved merit are in full support of the positions as stated by them. *S. v. John Hurley,* 79 Vt., 28; *Groves v. State of Georgia,* 116 Ga., 516; *State v. Doran,* 99 Me., 329; *People v. Murray,* 14 Calif., 159; *Hicks v. Commonwealth,* 86 Va., 223, and the cases in our own State are in full accord with these well considered decisions. *S. v. Hewett,* 158 N. C., 627; *S. v. Hefner,* 129 N. C., 548; *S. v. Colvin, supra.*

In *Hewett's case, Brown, J.,* delivering the opinion, quotes with approval the definitions appearing in 1 Bishop's Criminal Law, sec. 728, that "an attempt is an intent to do a particular criminal thing, combined with an act which falls short of the thing intended, and in Burwell's Law Dictionary and Bouvier's Law Dictionary, describing an attempt as "an endeavor to commit an offense, carried beyond mere preparation to commit it, but falling short of actual commission." In *State v. Doran,* 99 Me., 329, reported also in 105 A. S. R., 278, it was held that "to constitute an attempt to commit a crime there must be

.something more than mere intent or preparation. There must be some act moving directly towards the commission of the offense after the preparations are made."

And in *People v. Murray, supra, Chief Justice Field,* delivering the opinion, said: "Between preparation for the attempt and the attempt itself there is a wide difference. The preparations consist in devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement towards the commission after the preparations are made."

All of the authorities on this subject are to the effect. that the overt act required as an essential feature of the crime must go beyond mere preparation and be at least apparently possible to the reasonable apprehension of the party charged. 12 Cyc., p. 180. True, the cases hold that an impossibility to presently commit the crime, unknown to the defendant, may not be allowed to affect the question of his guilt, but where it is clear that the perpetration of the crime is impossible and that is known to the party, there can be no indictable attempt. The position is very well stated in the citation to Cyc., as follows: "To constitute an indictable attempt to commit a crime, its consummation must be apparently possible, or in other words there must be an apparent ability to commit it. If the means employed are so clearly unsuitable that it is obvious that the crime cannot be committed, the attempt is not indictable. On the other hand, the apparent possibility is all that is required. If there is an apparent ability to commit. the crime in the way attempted, the attempt is indictable, although, unknown to the party making the attempt, the crime cannot be committed because the means employed are in fact unsuitable."

Applying these principles to the facts as presented in the special verdict, it is clear in our opinion that the acts of the defendant as there established were only in preparation, and did not amount to overt acts in the attempted commission of the crime. Within the language and purport of the Virginia decision of *Hicks v. Commonwealth,* 86 Va., 223, the alleged attempt did not amount to a direct ineffectual act towards the present manufacture of spirituous liquors, to a "commencement of the consummation," but, as indicated in the opinion of *Chief Justice Fields* in the *California case,* the said acts consisted only in "devising or arranging the means or measures necessary to the commission of the offense." Moreover, it is established as a fact by the special verdict that defendants at the time had never made any liquor, did not have a still, and had not been able to procure one, thus showing that the perpetration of the alleged crime was at the time obviously impossible.

There is nothing in our disposition of the present appeal that is in any way inconsistent with the cases of *S. v. Blackwell,* 180 N. C., 733,

and *S. v. Perry,* 179 N. C., 718. In those cases the question of the unlawful manufacture of liquor was left to the jury on the testimony, and defendants were convicted, the Court holding in both .cases that the facts in evidence permitted the inference of guilt. But here the fact of any unlawful manufacture is negatived by the special verdict which finds as stated that no spirituous liquors had ever been made by defendant, and that while defendants intended to make the liquor if they could get a still, they did not have one and had not been able to get one. We concur in the ruling of the court below that no unlawful attempt to commit the crime has been established, and this will be certified that defendants be discharged.

Affirmed.

CLARK, C. J., dissenting: The defendants were indicted on three counts for (1) making or manufacturing intoxicating liquors, and (2) that they did aid and abet in the manufacture of certain spirituous, malt and intoxicating liquors, and (3) that they did attempt to make and manufacture certain spirituous, malt, and intoxicating liquors by having assembled for the purpose a quantity of malt, ship-stuff and other ingredients for the purpose. The jury found the following special verdict: The defendants on 6 June, 1921, placed a bag of meal in the swamp of Drowning Creek, Moore County, and at the same time and place nailed a coffee mill to a tree; that on 6 June, 1921, defendants placed two empty barrels in the swamp near said mill; that on 7 June, 1921, the defendants were arrested on a public highway near said swamp by a deputy sheriff; that the defendants had some meal and bran; that at the time of being arrested defendants stated to the sheriff that they intended to make some liquor out of said meal and bran; that defendants did not have a still, but stated that some one had promised to let them have a still later; that the defendants intended to make some liquor if they could get a still, but they never got a still and never made any liquor. Upon the foregoing special verdict the Court was of the opinion that the defendants were not guilty and so instructed the jury. From this judgment and verdict the State appealed.

C. S., 4640 is as follows: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged or of an attempt to commit a less degree of the same crime."

In *S. v. Brown,* 113 N. C., 645, the Court held that the joinder of an act for a lesser offense or an attempt to commit the same is now mere surplusage. The defendants admitted that they had assembled the material, to wit, the bag of meal and some bran, and the means to convert it into intoxicating liquor, to wit, by nailing a coffee mill to a tree in a

secluded place, and that they had placed two empty barrels there, and they admitted that they had done this with the intention of making said liquor, and had procured the promise of another party to furnish the still. If the defendants had completed their purpose they would have been guilty of the offense of making intoxicating liquor. Their completion of this illegal act had been prevented solely by the fact that they were discovered and arrested in their purpose before the promised still had been placed in position. The sole question is whether this was an attempt. In *S. v. Hewett,* 158 N. C., 627, an attempt is defined as "that which, if not prevented, would have resulted in the full consummation of the act attempted." The evidence in this case shows a deliberate crime begun, but through the interference of the officer left unfinished. If the act had been consummated, then we would not have to consider whether there had been an attempt. In this case, in the language of Lady Macbeth, it is, "the attempt and not the deed." *Macbeth,* Act II, Sc. 2.

Of the definition of "attempt" there is none better, clearer, or more succinct than that set out in Webster's International Dictionary, which defines the meaning of the word to be in law, "Such an intentional preparatory act as will apparently result, if not extrinsically hindered, in a crime which it was designed to effect." This definition has not been bettered or made clearer, and is in substance the same as is set out in all the law books.

In 12 Cyc., 177, an attempt is thus defined, "An attempt to commit a crime is an act done with intent to commit it beyond mere preparation, but falling short of its actual commission." Among the cases cited as authority for that definition is *Graham v. People,* 181 Ill., 477; *S. c.,* 47 L. R. A., 731, where it is said: "All the authorities describe an attempt to commit the crime; performing some act towards commission of crime; and the failure to consummate its commission."

All these elements are present in this special verdict. The same definition is given with citations of many cases. 4 Cyc., 887, and notes. 16 Corpus Juris, 115 (note 36) quotes: "One who hands matches to another and offers to pay him a sum of money if he burn another's house is guilty of an attempt." *S. v. Bowers,* 35 S. C., 262; *S. c.,* 28 Am. St., 847; 15 L. R. A., 199, and *People v. Bush,* 4 Hill (New York), 133, held that "similar facts were sufficient without the element of compensation offered. So also preparing camphane and other combustibles and placing them in a room and soliciting another to use them, has been constituted an attempt." *McDermott v. People,* 5 Park Cr. (N. Y.), 102.

In our own State the decisions are to the same effect. In *S. v. Jordan,* 75 N. C., 28, where the indictment was for an attempt to commit burglary, the Court held, "Wherever there is a criminal intent to commit a

felony—in this case burglary—and some 'act' is done amounting to an attempt to accomplish the purpose without doing it, the perpetrator is indictable as for a misdemeanor." Wharton Criminal Law, sec. 2696. *The King v. Higgins,* 2 East, 4, is a very full and satisfactory authority. This has been cited with approval in *S. v. Colvin,* 90 N. C., 719, and *S. v. Stephens,* 170 N. C., 746.

*S. v. Hefner,* 129 N. C., 549, in which it was held that on an indictment for an attempt to commit a crime some overt act must be alleged, has been overruled expressly in *S. v. Stephens,* 170 N. C., 748, which points out that the statute under which the former decision was rendered has been changed by what is now C. S., 4613.

In *People v. Moran,* 123 N. Y., 254; *S. c.,* 20 Am. St., 732, it was held that "any act done with intent to commit a crime, and tending but failing to effect its commission, and whether an attempt was made is determinable solely by the condition of the actor's mind and his conduct in the attempted consummation of that design." In that case the proof was that a man in a crowd of people put his hand in the pocket of a woman and drew it out empty.

In *People v. Lawton,* 56 N. Y. (Barbour), 126, the conviction of an attempt to commit burglary was sustained on evidence that the prisoner reconnoitered the premises and had an agreement with another party to enter the store, but when he arrived, doubting if the instruments that he had were sufficient to force an entrance, he sent off to get a crowbar, and before it arrived he was arrested. This evidence was held sufficient to procure a conviction for an attempt to commit a burglary, the Court saying, "It is true there must be more than a mere intent or design to commit an offense. There must be some ineffectual act towards the accomplishment."

That case is exactly in point here where the defendants did everything necessary for the manufacture of liquor except the procurement of the still, as to which they were frustrated by the interference of the officers. That case is duplicated by almost identical evidence in *People v. Southerland,* 173 N. Y., 122, where the defendants had provided themselves with suitable tools to commit burglary, but were arrested before they had committed any act other than providing the tools and going to the premises. These two cases are on "all fours" with this.

Indeed, we have two very recent cases in our own Reports almost identical. In *S. v. Blackwell,* 180 N. C., 733, *Allen, J.,* held for a unanimous Court that on testimony that the defendant was arrested at an obscure place, suited for the purpose of making illicit whiskey, with meal reduced to beer, and other preparations complete, except that there was no cap and worm on the still, and the defendant admitted that he intended to

manufacture liquor for his own purpose, and was caught before he could go further, the conviction was sustained for the "unlawful manufacture," and not merely as in this case for an attempt.

In *S. v. Perry,* 179 N. C., 718, the facts were almost identical with those in this case. The evidence was that the defendants came in the early morning to a place where everything was complete for the illicit manufacture of intoxicating liquor except the still itself, which they brought and placed in position and cut wood, but before any other act was done they were arrested, and the Court held that these circumstances justified the verdict that "the defendants were engaged in the business of illicit distilling." In this case the defendants had done all these acts except the actual receipt of the still, which they were expecting when they were arrested, and of course were guilty of an attempt. Under *S. v. Perry* and *S. v. Blackwell, supra,* if the still had actually arrived and been put into position, though not into use, they would have been guilty of the offense itself and not of a mere attempt.

Indeed the oldest case on the subject of an attempt to commit a crime is *King v. Higgins,* 2 East, 5, decided in 1801, and which has been followed ever since by the courts, is conclusive on this subject. In that case the defendant solicited a servant to steal his master's goods, and was held guilty of an attempt. It was not alleged that the servant stole the goods or that any other act was done except the solicitation.

The crime of illicit distilling is one prompted by the profoundest contempt for the law of the land. It is necessarily always done with deliberation, with premeditation, clandestinely, secretly, and for the purpose of making a profit by the violation of the law. Subterfuge, evasion and concealment are accompaniments of the crime. Therefore, when there has been as in this case, full preparation, the placing in a secret place meal and bran, and the barrels, and the bargaining for a still, and an admission of the intention to make the whiskey, which was prevented only by the interference of the officers, every element of an attempt is shown. Had the defendants gone one step further and actually received the still and put it into position and been arrested even before operations were commenced, under the recent case of *S. v. Perry, supra,* they would have been guilty of the actual offense of the manufacture of whiskey. As it was, they were certainly guilty of an attempt. They had done all in their power and the interference of the law at the critical moment alone prevented the consummation of the greater offense.

The vast volume of poverty, crime and violation of law of every kind caused by intemperance has been so overwhelming that the people of the United States enacted an amendment to their Constitution forbidding the manufacture and sale of intoxicating liquor, which amendment was ratified by the unusual number of 45 out of 48 states. Such being the

evil that it is intended to repress and the importance of its suppression in the estimation of the people of this country, certainly the laws enacted in pursuance of that amendment should be efficiently enforced. Evasions and subterfuge are the very essence of this offense, and when a party who has taken every step to violate the law and admits as in this case his intention to do so, and that he was prevented only from the execution of that intent by the arm of the law, surely he ought not to escape punishment for the attempt which he did not execute only because prevented by the prompt action of the sheriff.

There are offenses committed on sudden impulse or under great provocation or great inducement and openly, but there can be no such palliation as to this most ignoble offense which, being committed secretly, with deliberation, and for the sake of profit in defying the public will, can never be more than an attempt until by successful evasion of official supervision it has become a completed crime. It is necessary for its efficient suppression to seize the criminal when it is no more than an "attempt."