STATE v. SUMMERS.

(Filed May 8, 1906).

*Embezzlement —Restoration of Property —Defense —Evidence—Felonious Intent—Burden of Proof.*

1. In an indictment for embezzlement, where defendant testified that he had in his pocket the amount claimed to have been embezzled and exhibited the money, the court properly excluded a question as to whether defendant was willing to deposit the money in the clerk's office to await the termination of the civil litigation about the matter.

2. The fact that a party accused of embezzlement intended to restore the property embezzled, or even that the loss has been made good, does not constitute a defense to a criminal prosecution for the embezzlement.

3. In an indictment for embezzlement, the burden is upon the State to prove beyond a reasonable doubt the felonious intent.

INDICTMENT for embezzlement against George A. Summers, heard by *Judge T. J. Shaw* and a jury, at the January Term, 1905, of the Superior Court of GUILFORD. From the judgment pronounced on a verdict of guilty, the defendant appealed.

*Robt. D. Gilmer, Attorney-General,* for the State.
*John A. Barringer* for the defendant.

BROWN, J. We have examined each of the 20 exceptions in the record with that care which the importance of the case to the defendant demands at our hands, and we have concluded that such of the rulings of the court below, as are at all doubtful as to their correctness, were entirely harmless to the defendant, and therefore do not constitute reversible error. We will not comment upon each exception *seriatim,* as

it would needlessly prolong this opinion and be of no value to our legal jurisprudence.

There is evidence in the record amply sufficient to go to the jury tending to prove that the defendant was the agent, at Greensboro, of the Singer Manufacturing Company, and operated under a contract dated December 28, 1903, under which he was entitled to receive $15 per week and certain commissions. In the course of his employment the sum of $1,416.39 came into his possession, which, in accordance with the instructions of the Singer Company, should have been deposited in the Greensboro National Bank and forwarded by check to the office of the company in Atlanta, Georgia. The defendant instead placed the money to his own credit in the City National Bank in Greensboro and drew out $100 in cash and received the cashier's check for the remainder and left the State, going to Illinois, where he was afterwards arrested and brought back to North Carolina. The defendant contended that the company was indebted to him in a sum larger than that which he retained, growing out of commissions due him on the sales of machines and other transactions connected with the business of selling the same. He further contended that on account of his inability to obtain a settlement of his affairs with the company, he appropriated the amount in part payment of the sum due him from the company.

The defendant testified in his own behalf and among other statements said: "I have got in my pocket now the $1,416.39 which the company claims is theirs." (Witness exhibits the money). The defendant's counsel asked, "Are you willing to deposit that in the clerk's office to await the termination of the civil litigation in this case?" The court excluded the question. There was no error in refusing to admit this evidence. The fact that a party accused of embezzlement intended to restore the property embezzled, or even that the loss has been made good, does not constitute a defense to a

criminal prosecution for the embezzlement. Clark's Crim. Law, 313; 1 McClain, 641; *Spalding v. People,* 172 Ill., 40. In *Meadowcroft v. People,* 163 Ill., 56, it is said: "It needs no citation of authorities to show that, as a matter of law, the restitution of money that has been either stolen or embezzled, or a tender or offer to return the same or its equivalent to the party from whom it was stolen or embezzled, does not bar a prosecution by indictment and conviction for such larceny or embezzlement. The effect of the tender and payment into court may be a discharge from the indebtedness for the deposit fraudulently received, so far as the depositor and his civil remedies are concerned."

The examination of the defendant shows that he was permitted to give his reasons for taking the money, and he was given the full benefit of that phase of the evidence in the following instruction by the court: "If you find from the evidence that the defendant retained the money in his hands with a *bona fide* belief that the company owed him money, and for the purpose of holding it until he could effect a settlement with the company, whereby his rights could be ascertained, and it could be determined how much was due him, and to hold the money for the purpose of satisfying such claims when ascertained, then the holding of the money by defendant, even though the jury should believe it to have been wrongful, would not be such a holding or conversion as would make the defendant guilty of the crime of embezzlement." The question of intent was submitted to the jury with appropriate instructions. They were told that the burden was upon the State to prove beyond a reasonable doubt the felonious intent. The charge follows the decisions in *State v. McDonald,* 133 N. C., 680, and *State v. Blackley,* 138 N. C., 620. The evidence as to the felonious intent was reasonably sufficient to go to the jury. *State v. Fain,* 106 N. C., 760; *State v. Costin,* 89 N. C., 511; *State v. Harris,* 106 N. C., 682; *State v. Wilson,* 101 N. C., 730; *State v Foust,* 114 N.

C., 842. We find no error in the record of which the defendant could justly complain, and we find ample evidence to support the verdict of the jury.

No Error.