STATE v. SHEPPARD.

(Filed October 2, 1906).

*Indictments—Several Counts—General Verdict—Effect—
Lightning-Rods—Business of Putting Up.*

1. A general verdict of guilty on an indictment containing several counts charging offenses of the same grade and punishable alike, is a verdict of guilty on each and every count; and if the verdict on either count is free from valid objection, there being evidence tending to support it, the conviction and sentence for that offense will be upheld.

2. Where an indictment in the first count charges the defendant with unlawfully carrying on the business of putting up lightning-rods without license, etc., and in the second count with unlawfully carrying on the business of selling lightning-rods under like circumstances, and there was ample evidence to support a conviction on the first count, which is an intrastate business, and the charge shows that the conviction was had for this offense, a general verdict of guilty will be sustained, even though a conviction on the second count could not be upheld by reason of the Interstate Commerce clause of the Federal Constitution.

INDICTMENT against A. J. Sheppard, heard by *Judge E. B. Jones* and a jury, at the April Term, 1906, of the Superior Court of NASH.

The defendant was convicted under the following bill of indictment: "The jurors for the State, upon their oath, present: That A. J. Sheppard, late of the county of Nash, on the 30th day of April, 1906, and for twelve months prior thereto, with force and arms, at and in the county aforesaid, was then and there unlawfully and wilfully engaged in carrying on the business of putting up lightning-rods, without first having paid the license tax and obtained the license required by law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State. And the jurors upon their oath aforesaid, do further present: That the said A. J. Sheppard afterwards, to-wit, on the day

and year aforesaid, with force and arms, at and in the county aforesaid, was then and there unlawfully engaged in carrying on the business of selling lightning-rods without first having paid the license tax and obtained the license required by law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State. Daniels, Solicitor." "A true bill. Miles Bobbitt, Foreman of the Grand Jury."

There was evidence on the part of the State tending to show that within two years prior to finding the bill of indictment, the defendant had engaged in the business of putting up lightning-rods, at and in said county of Nash, without having obtained a license or paid the license tax as required by law. The evidence for defendant was as follows:

A. J. Sheppard, the defendant, testified: "I am agent for Cole Bros., of St. Louis, Mo., with factory in Greencastle, Ind. I only solicit orders for future delivery. I carry no rods for sale or delivery, but only samples for exhibition, and deliver none except such as have been sold before they left the factory. This is the contract under which I made sale of rods to Mr. Yarborough. (Here contract introduced and read in evidence, and attached as a part of this case on appeal). (Contract has not been filed. T. A. SILLS, C. S. C.). I did business in no other way than that specified in this contract with Yarborough. The delivery is not complete until the rods are put up. The sale and delivery of the rods under the contract includes the putting up of rods whenever the purchaser requests, for which no extra charge was to be made."

Cross-examination: "I am in the lightning-rod business as agent. I have put up rods on half dozen houses or more. I was in different parts of the county. I got the rods from Cole Bros. that I put on Mr. Yarborough's house. They were delivered to me in the station at Tarboro; I took them by wagon to Springhope. There were other rods in the assignment—900 feet in all. This shipment was sent to Day

& Hodges, Tarboro, N. C. They charged me up with what I got and gave me credit with what I put up. The rods were shipped from the factory in Indiana to fill the orders. As soon as I signed contract with Mr. Yarborough I sent it to Cole Bros., and they sent it back to me at Springhope. There were no shipments of rods made to me except upon contracts already taken, in form the same as in this case."

Counsel for the defendant requested the Court to instruct the jury that the defendant was not guilty upon the foregoing evidence, which request was declined by the Court, and to which the defendant excepted.

His Honor charged the jury as follows: "If you find from the evidence that this man was in the business of putting up lightning-rods, carrying on the business of putting up rods in Nash County; that he made contracts with people to rod their houses, and the rods were shipped to him, and he personally superintended and had the rods put on, after having made contracts for that purpose, it makes no difference where the rods came from; if he carried on the business of putting up rods, then he would be guilty; otherwise, not." To the above charge the defendant excepted. Verdict of guilty, and the defendant fined two hundred ($200) and the costs of the action. The defendant moved for a new trial for errors of the Court in refusing the instruction as above stated, and in the instructions given to the jury as above set forth; motion denied; notice of appeal to the Supreme Court given in open court; appeal granted.

*F. S. Spruill,* with the *Attorney-General,* for the State.
*Gilliam & Gilliam* for the defendant.

HOKE, J., after stating the case: The bill of indictment charges the defendant with unlawfully carrying on the business of putting up lightning-rods in the county of Nash without having obtained license and paid the tax as required by

law. There is also a count in the bill for unlawfully carrying on the business of selling lightning-rods under like circumstances. Both acts are made criminal offenses of the grade of misdemeanors by the State Revenue Law in force at the time of the transaction, and on this bill of indictment there was a general verdict of guilty. It is well established that such a verdict on an indictment containing several counts charging offenses of the same grade and punishable alike, is a verdict of guilty on each and every count; and if the verdict on either count is free from valid objection, there being evidence tending to support it, the conviction and sentence for that offense will be upheld. It was accordingly held for law in this State that: "When there is a general verdict of guilty on an indictment containing several counts, and only one sentence is imposed, if some of the counts are defective the judgment will be supported by the good count; and, in like manner, if the verdict as to any of the counts is subject to objection for admission of improper testimony or erroneous instruction, the sentence will be supported by the verdict on the other count, unless the error was such as might or could have affected the verdict on them." *State v. Toole,* 106 N. C., 736.

If it should be conceded, therefore, that a conviction on the second count for an unlawful sale could not be upheld by reason of the Interstate Commerce clause of the Federal Constitution, this would in nowise invalidate a conviction on the first count, to-wit, for unlawfully carrying on the business of putting up lightning-rods in Nash County, which was, undoubtedly, a domestic or intrastate business. This was charged in the first count as a distinct and separate offense. There was ample evidence to support it, and the charge of the Court excepted to shows clearly that the conviction was had for this offense, and for this alone. In this aspect of the case the conviction of the defendant is sustained and controlled by the decision of this Court in *State*

*v. Gorham,* 115 N. C., 721, and we do not consider that further discussion or·citation of authority is required.

There is no error and the judgment of the Court below is affirmed.

No Error.·