CLARK, C. J., concurring in result. *Page 815 
The defendant is indicted in the first count under chapter 44, Laws 1913, and in the second, third, and fourth counts under chapter 97, Laws 1915, and these statutes cover the several offenses charged in the indictment.
The exceptions are to the charge, and it is well to consider the second and third first, as the first and fourth instructions relate to the same count.
The objection of the defendant to the second instruction is to the use of the words, "he stated that on the stand," upon the ground it represented the evidence of the defendant incorrectly, but it will be observed his Honor was then stating the contentions of the parties, and "if contentions are not properly stated, the attention of the court should then be called to the omission so that it may be supplied." Mfg. Co. v. Building Co.,177 N.C. 106, and cases cited.
If we, however, turn to the record we find the defendant testified: "I thought we were going after some liquor," which is substantially as his Honor stated.
The third exception is to the failure to fully explain the law to the jury, but there was no legal principle involved beyond the doctrine of reasonable doubt, which was correctly stated, except (760) as bearing on the first count, upon which the defendant was acquitted, and the fourth. On the second and third counts the controversy was one of fact as to whether the liquor was received by the defendant or Scott.
We do not approve the charge on the fourth count.
If the evidence of the State is believed, the defendant was transporting his own liquor, and not for the purpose of sale, and we do not think handing a bottle to a companion to take a drink is such delivery as is contemplated by the statute, which was construed in *Page 817 S. v. Little, 171 N.C. 807, to mean transporting or carrying "to or for any other person, firm or corporation."
This does not, however, entitle the defendant to a new trial, because there are two good counts as to which there is no error, and "It is well settled in this State that where there is more than one count in the indictment, and there is a general verdict, this is a verdict of guilty on each count, and if there is a defect as to one or more counts by reason of any defect therein, or erroneous charge as to said count, or lack of evidence, the verdict will be imputed to the sound count in the indictment, as to which there was no erroneous instruction, and upon which evidence is offered. S. v. Toole, 106 N.C. 736, where the authorities to that effect, which are numerous, are collected." S. v. Holder, 133 N.C. 711.
No error.