## STATE v. R. J. BURGESS.

### (Filed 14 November, 1923.)

**1. Intoxicating Liquor — Spirituous Liquor — Manufacture — Statutes— Criminal Law—Actions—Joinder—Evidence.**

> As to the exception to consolidating the separate indictments against the two defendants for the unlawful manufacture of intoxicating liquors, *quere?* And *held,* that the insufficiency of the evidence to convict one of them renders the consideration of the exception unnecessary.

**2. Same.**

> *Held,* the circumstantial evidence in this case was sufficient to convict one of the defendants for the unlawful manufacture of intoxicating liquor, but the only evidence as to the other, being that a few minor implements were found in the room which he was occupying as a boarder with the sons of the first defendant, and also a wet place upon the floor of the room, were insufficient to sustain a conviction of the other defendant. C. S., sec. 4453.

CLARKSON, J., concurring. CLARK, C. J., concurs in concurring opinion.

APPEAL by defendant from *Stack, J.,* at April Term, 1923, of ANSON.

Criminal prosecution, tried upon an indictment charging the defendant with manufacturing spirituous liquors in violation of C. S., 4453.

From a conviction of attempting to manufacture liquor he appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*A. A. Tarlton and McLendon & Covington for defendant.*

STACY, J. The defendant, R. J. Burgess, while working for a short time on the new school building in Wadesboro, was a boarder at the house of one Tobe Honeycutt. Honeycutt and Burgess were indicted, in sepa- rate bills, charged with the unlawful manufacture of spirituous liquors. Over objection, the two cases were consolidated and tried together. We make no present ruling as to the legality or correctness of this consolida- tion. *S. v. Stephens,* 170 N. C., 745. It is unnecessary to do so. The case turns on a demurrer to the evidence.

There was evidence tending to show the guilt of Honeycutt, but we think the conviction of Burgess for an attempt to manufacture liquor must be reversed, under authority of *S. v. Addor,* 183 N. C., 687.

A few days before Christmas, 1922, two deputy sheriffs of Anson County searched the premises of Honeycutt for evidence of violation of the prohibition law. They found a barrel near the house with some beer in it, a galvanized box under the house with some mud on it; also three one-gallon jugs and a wet sack with the odor of whiskey about them, while a copper still was found in the barn, a short distance away.

The only evidence tending to inculpate Burgess was an oil stove and a copper pipe found in his room and a wet place on the floor of the room occupied by him. But it also appeared that this room was used by Honeycutt's two sons when they were at home, and that they caused the wet spot on the floor. Burgess was not there at the time of the search.

This evidence, we think, was insufficient to warrant a verdict against the defendant, R. J. Burgess, for attempting to manufacture liquor. His demurrer to the evidence, or motion for judgment as of nonsuit, under C. S., 4643, should have been allowed.

Reversed.

CLARKSON, J., concurring: I concur in the opinion solely on the ground that there was no sufficient evidence to go to the jury on all the facts in the case. *S. v. Addor,* 183 N. C., 687, cited in the opinion, is not applicable to the law as it is now written.

The Legislature of North Carolina passed "An act to make the State law conform to the National law in relation to intoxicating liquors." Chapter 1, Public Laws 1923. The sentiment of the people of the State was so overwhelming in favor of this act that in the Senate, out of fifty members, there were only two votes cast against it.

The people of North Carolina, at an election held on 26 May, 1908, voted against "the manufacture and sale of intoxicating liquors." (Act ratified 31 January, 1908.) The majority was 44,196. The old law had many "leaks" in it, and, to meet facts in cases like the *Addor case, supra,* section 4 of the act of 1923, *supra,* was passed. This section reads: "It

shall be unlawful to advertise, manufacture, sell, or possess for sale any utensil, contrivance, machine, preparation, compound, tablet, substance, formula, direction, or receipt, advertised, designed, or intended for use in the unlawful manufacture of intoxicating liquor. It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this act, or which has been so used, and no property rights shall exist in any such liquor or property."

The facts in the *Addor case, supra,* under the present law, would make one guilty of a breach of the above section.

CLARK, C. J., concurs in concurring opinion.