## STATE v. ROBERT RIDINGS AND ZONA HOWELL.

### (Filed 18 May, 1927.)

**1. Criminal Law—Evidence—Verdict—Judgments.**

> Where the indictment charges two criminal offenses and there is evidence only as to one, a judgment on a verdict of guilty will be sustained.

**2. Criminal Law—Character—Evidence—Remarks of Counsel — Appeal and Error—Instructions—New Trials.**

> Where the character of the defendant is not put in issue, and no evidence on the point is introduced, his character necessarily stands indifferent.

APPEAL by defendants from *Webb, J.,* at September Term, 1926, of POLK. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*M. L. Edwards, S. P. Dunagan and C. O. Ridings for defendants.*

PER CURIAM. The bill of indictment contains two counts. In the first the defendants are charged with fornication and adultery, and in the second with prostitution. The jury returned a verdict of guilty on both counts. Judgment was pronounced and the defendants appealed.

The evidence is sufficient to sustain the conviction upon the first count even if it is not satisfactory as to the second. When an indictment contains two or more counts and there is a defect as to one by reason of lack of evidence a verdict on the count in reference to which competent evidence was offered will support the judgment. *S. v. Toole,* 106 N. C., 736; *S. v. Holder,* 133 N. C., 710.

The defendants offered no evidence, but argued that their character was good. In closing the argument the solicitor remarked that no evidence as to their character had been introduced and the defendants excepted. We do not say that the solicitor's remark was improper. In *S. v. Knotts,* 168 N. C., 173, 190, it is said: "The characters of defendants were not involved, as they did not take the stand as witnesses in their own behalf, nor was there any evidence on that subject. It was said in *S. v. O'Neal,* 29 N. C., 251: 'The rule is then established that no deduction results in law unfavorable or favorable to the character of an individual charged by an indictment from the fact that he has introduced no evidence to show he is a person of good character. The character, not appearing either good or bad, necessarily stands indifferent.'

See, also, *S. v. Danner,* 54 Ala., 127; *S. v. Spurling,* 118 N. C., 1250; *S. v. Castle,* 133 N. C., 769. The refusal to instruct that the law presumed defendants were men of good character was therefore correct."

His Honor, however, answered the defendants' objection by saying, "The law presumes the defendants to be of good character."

The other exceptions require no discussion.

No error.