STATE v. L. C. DULA.

(Filed 20 June, 1934.)

**1. Embezzlement B a—Proof of embezzlement of sum less than amount charged in indictment does not constitute variance.**

In a prosecution for embezzlement the failure of proof of embezzlement of the whole sum charged in the bill of indictment does not constitute a fatal variance between allegation and proof where there is proof of embezzlement of a sum less than that charged in the indictment. C. S., 4620.

**2. Embezzlement B c—Evidence of settlement with third person held incompetent in absence of evidence of authorization or ratification by prosecuting witness.**

In a prosecution for embezzlement evidence that defendant had settled with the prosecuting witness by payment to another is properly excluded in the absence of evidence that such other person was the agent for the prosecuting witness, or that the prosecuting witness had authorized or ratified settlement in this manner, the excluded evidence being incompetent to show want of fraudulent intent, or for any other purpose.

APPEAL by defendant from *Clement, J.*, at December Term, 1933, of FORSYTH. No error.

This is a criminal action in which the defendant was convicted of the embezzlement of the sum of $2,860, which he had collected as the consignee and agent of the Lester Piano Company. C. S., 4268.

From judgment that he be confined in the State's prison for a term of not less than two or more than four years, at hard labor, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Slawter & Wall for defendant.*

CONNOR, J. We find no error in the trial of this action. The contention of the defendant that there was a fatal variance between the allegations of the indictment and the proof at the trial, because the evidence failed to show that the defendant had received the sum of $2,860, from the sale of pianos consigned to him by the Lester Piano Company, as alleged in the indictment, cannot be sustained. There was evidence that defendant had sold or disposed of the pianos, and had received in cash certain sums less in amount than $2,860, and that he had converted said sums to his own use. C. S., 4620. 31 C. J., 840, sec. 451.

The testimony of witnesses offered by the defendant to show that he had settled with the Lester Piano Company, by payment of the sum of

$1,850 to one George Irvin, was properly excluded as evidence. There was no evidence tending to show that George Irvin was the agent of the Lester Piano Company, or that the Lester Piano Company had authorized or ratified a settlement of its claim against the defendant by George Irvin. The testimony excluded by the judge was not competent as evidence to show a want of fraudulent intent, or for any other purpose. See *S. v. Summers,* 141 N. C., 841, 53 S. E., 856.

The evidence was properly submitted to the jury under instructions to which the defendant did not except. The judgment is affirmed.

No error.