## STATE v. HUGH N. PACE.

(Filed 15 June, 1936.)

**1. Criminal Law L e—Where sentences on several counts run concurrently, error must affect all counts to entitle defendant to a new trial.**

Where defendant is convicted on several counts of equal gravity, and sentence is imposed on the first count with sentences on the subsequent counts to run concurrently therewith, defendant is not entitled to a new trial for alleged error committed on some of the counts which does not affect the other counts, nor is the contention tenable that error on the first count would upset the concurrent sentences on the remaining counts for lack of valid judgment on the first count.

**2. Embezzlement A d—**

Restitution by defendant of sums embezzled by him after the crime of embezzlement had been fully consummated is no defense to a prosecution for such embezzlement, such restitution affecting only the civil rights of the parties.

**3. Embezzlement A b—.**

Where a treasurer appropriates funds coming into his hands, the fact that he had not been directed to pay out the funds to those entitled thereto at the time he was apprehended does not constitute a defense, but is correctly submitted to the jury on the question of intent.

APPEAL by defendant from *Williams, J.,* at December Term, 1935, of NEW HANOVER.

Criminal prosecution, tried upon indictment charging the defendant (a person over the age of sixteen years), in seven counts, with embezzlement.

As treasurer and acting recording secretary of Jeff Davis Council, No. 63, Junior Order United American Mechanics, the defendant is charged with receiving from the National Council of said order seven funeral benefit checks or vouchers, in the sum of $250 each, intended for beneficiaries of deceased members of the local council, but which were cashed by defendant and fraudulently converted to his own use. The total amount of money involved is $1,750.

Receipt of the checks is admitted, the defendant contending that he cashed them and had the money in his safe, awaiting an audit and instructions from the trustees of the local council as to the payment of the respective amounts, when he was arrested and charged with the embezzlement of said funds. He contends that thereafter his safe was robbed and the funds stolen.

The evidence of the State is plenary as to the irregular handling of the checks in question—cashing them rather than depositing them in the usual way—failing to pay the beneficiaries upon repeated demands—and refusing to account to the trustees of the local council after numerous requests.

It appears that the items mentioned in the first and second counts of the bill were paid to the beneficiaries entitled to receive them; and defendant contends he was never authorized or instructed to pay the item covered by the seventh count in the bill.

Verdict: "Guilty on all counts."

Judgment: Imprisonment in the State's Prison for a term of not less than four nor more than seven years on each count; "the sentence on all counts to run concurrently with the sentence in the first count."

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State, appellee.*

*Herbert McClammy, W. F. Jones, Alan A. Marshall, and George Rountree for defendant, appellant.*

*Hugh N. Pace, in propria persona.*

STACY, C. J.   By indictment in seven counts the defendant is charged with embezzlement of funds which came into his hands as treasurer and acting recording secretary of Jeff Davis Council, No. 63, Junior Order United American Mechanics. Receipt of the money is admitted; likewise, its irregular handling. Indeed, the defendant's own testimony would carry the case to the jury. When an agent, entrusted with funds belonging to his principal, withdraws several items from the general account (according to his own statement), and places the withdrawals in a safe without sufficient reason therefor, soon or late, he may expect such conduct to be the subject of investigation. And so it was here. The record discloses little more than an issue of fact, determinable alone by the twelve.

Even if it be conceded, which it is not, that error was committed in respect of the 1st, 2d, and 7th counts, still such concession, without more, would avail the defendant naught on the present record. There are four other counts in the bill in respect of which no serious question is raised, and the defendant has been sentenced alike on each count, all sentences to run concurrently. In this state of the record, appellant must show error which affected the whole case, or all the counts, before a new trial could be awarded. *S. v. Sheppard,* 142 N. C., 586, 55 S. E., 146; *S. v. Maslin,* 195 N. C., 537, 143 S. E., 3; *S. v. Switzer,* 187 N. C., 88, 121 S. E., 43; *S. v. Ridings,* 193 N. C., 786, 138 S. E., 134; *S. v. Newton,* 207 N. C., 323, 177 S. E., 184. The contention made by the defendant, in arguing his own case, that, as the sentences on the last six counts are "to run concurrently with the sentence in the first count," should error appear in respect of the first count, the sentences on the remaining counts would necessarily be upset for lack of any valid judgment on the first count with which to run concurrently, is a more valuable contribution to sophistry than it is to the law. It does show, however, that the defendant is not without some ingenuity or sprightliness of thought.

The fact that the funds covered by the 1st and 2d counts were ultimately paid to the beneficiaries entitled to receive them cannot excuse the defendant or justify his prior embezzlement of such funds, as the jury has found, because, in the law of crimes, restitution does not work absolution. *S. v. Summers,* 141 N. C., 841, 53 S. E., 856. "It needs no citation of authorities to show that, as a matter of law, the restitution of money that has been either stolen or embezzled, or a tender or offer to return the same or its equivalent to the party from whom it was

stolen or embezzled, does not bar a prosecution by indictment and conviction for such larceny or embezzlement. The effect of the tender and payment into court may be a discharge from the indebtedness for the deposit fraudulently received, so far as the depositor and his civil remedies are concerned"—*Baker, J.,* in *Meadowcroft v. People,* 163 Ill., 56.

The crime of embezzlement having been fully consummated before indictment found, it is not within the power of the defendant and the private prosecutor, or either of them, by adjusting their civil differences, or otherwise, to compromise or take away the right of the State to insist upon a conviction for the offense already committed. *Spalding v. People,* 172 Ill., 40.

Nor can the defendant justify his embezzlement of the funds covered by the 7th count, as the jury has found, on the ground that no authority or direction had been given to him to pay over such funds to the beneficiary entitled to receive them. *S. v. Summers, supra.*

The defendant had the full benefit of his own explanation as to how the funds in question were handled and what became of them. The question of intent was submitted to the jury with appropriate instructions (*S. v. Cahoon,* 206 N. C., 388, 174 S. E., 91), and we find no error on the record of which the defendant can justly complain. *S. v. Dula,* 206 N. C., 745, 175 S. E., 80.

That the result is disastrous to the defendant, we are fully aware. His personal plea in behalf of himself and those dependent upon him, while unusual, was not without its sympathetic appeal. Blasted hopes and shattered dreams are always heartrending. The ministry of suffering is not easily understood; it is difficult to comprehend. Each individual and each family has about as much sorrow as it can bear. Consequently, the administration of the criminal law is freighted with many unpleasant tasks. But wrong is never right, and with a record free from reversible error, our one duty is to affirm.

No error.