STATE v. QUILLER JOHNSON.

(Filed 29 October, 1941.)

**1. Intoxicating Liquor § 9d—**

Testimony of two witnesses, only one of whom had been promised immunity, that they had bought liquor from defendant, *is held* sufficient to be submitted to the jury upon the charges of possession of liquor for the purpose of sale and illegal sale of liquor.

**2. Criminal Law § 41i—**

A promise of immunity to a witness for the State goes only to his credibility and not to his competency.

**3. Criminal Law § 81c—**

Where there are two counts of equal gravity in the bill of indictment, and the jury returns a general verdict of guilty on both counts, the verdict on either of them, if valid, supports the judgment.

APPEAL by defendant from *Clement, J.,* and a jury, at Regular Mixed Term, May, 1941, of IREDELL. No error.

The defendant was indicted on two counts for the illegal sale of liquor. (1) That he had whiskey in his possession for the purpose of sale; (2) that he sold liquor. The jury returned a verdict of "Guilty as charged in the bill of indictment." The court below pronounced judgment on the verdict. The defendant made several exceptions and assignments of error and appealed to the Supreme Court.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Hugh G. Mitchell for defendant.*

PER CURIAM. The defendant introduced no evidence. At the close of the State's evidence, the defendant made a motion for judgment as of nonsuit. C. S., 4643. The court below overruled this motion, and in this we can see no error.

L. F. Bumgarner testified, in part: "I have been to the place before; one night about 11:30 the defendant brought a pint of liquor out to the car. I paid him 75c for it. That was about two weeks before Cannon bought the half gallon." This witness was not promised immunity.

Clyde C. Cannon testified, in part: "At the time I was arrested before I had a conversation with Mr. Collier, I knew that the man from whom I had bought the liquor before was Quiller Johnson. The person that I bought the liquor from on November 30th sold it to me in the same apartment building where I had previously on two occasions bought

liquor from Quiller Johnson. I told Mr. Collier the name of the person from whom I had bought the liquor following his promise not to prosecute me. (Cross-examination) Mr. Collier told me that he would not prosecute me if I told him whom I bought the liquor from. As a result of his promise I told him that I bought the liquor from Quiller Johnson. The room in which I bought the liquor was located at the lower end of the apartment house."

It will be noted that Cannon, to whom the immunity was promised, was not prosecuted. See *S. v. Luquire,* 191 N. C., 479. A promise of immunity to a witness for the State goes only to his credibility and not to his competency. A motion for a new trial is ordinarily in the discretion of the court.

There were two counts in the bill of indictment and a general verdict on both counts, the verdict on any one, if valid, supports the judgment. *S. v. Epps,* 213 N. C., 709 (713).

On the record we find

No error.