STATE v. ROBERT L. WARD, JR.

(Filed 25 November, 1942.)

**1. Embezzlement § 1: Criminal Law §§ 8, 9—**

Where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty; and this rule is applicable to the crime of embezzlement.

**2. Embezzlement § 2—**

In a prosecution for aiding and abetting in the crime of embezzlement, the question of fraudulent intent is for the jury; intent to eventually return the money wrongfully used does not, necessarily, exculpate defendant.

**3. Embezzlement § 3—**

The word "property," as used in the embezzlement statute, C. S., 4269, is sufficiently all inclusive to embrace money, goods, chattels, evidences of debt and things in action.

**4. Embezzlement § 5—**

Where defendant, in prosecution for embezzlement, moves for a bill of particulars and the State files an answer in which it sets up certain detailed information respecting the charges in the indictment, and the matter is not pressed further by defendant, the rule in *S. v. Van Pelt,* 136 N. C., 633, has no application.

**5. Same—**

Where it is alleged in an indictment that defendant embezzled a specified sum and the evidence shows that defendant embezzled a much smaller sum, there is no fatal variance.

**6. Embezzlement § 8: Criminal Law § 53e—**

Where, in a prosecution for embezzlement, under C. S., 4268, and C. S., 4269, counsel for defendant, in argument to the jury, commented on the severity of the minimum punishment in C. S., 4269, and the court in its charge read to the jury C. S., 4269, and the indictment thereunder and also a portion of the general probation statute, carefully cautioning them that they were to decide the issue upon the evidence without regard to

the punishment which might or might not be imposed. *Held:* The charge was proper and not prejudicial.

**7. Evidence § 48c—**

A witness, offered by the State, who had been in the auditing and accounting business for over 10 years and an auditor for the State for 8 years, was found by the court to be an expert accountant and allowed to testify as such: *Held* sufficient and ruling not reviewable.

APPEAL by defendant from *Phillips, J.,* at April Special Term, 1942, of WAKE. No error.

Criminal prosecution tried on three bills of indictment charging embezzlement and aiding and abetting in the crime of embezzlement. The three cases were, by consent, consolidated for the purpose of trial and each bill was considered as a separate count.

The defendant, from 1938 to 1941, was Auditor and Chief of the Division of Accounts and Records in the Department of Revenue of the State of North Carolina. One C. W. Sneed was a deputy collector of revenue. He was accountable to defendant and it was his duty to receive reports and cash collected from field men; to file daily reports of collections with the defendant and to pay over to defendant moneys received by him. One Harry Howard was cashier in the Division of Accounts and Records, subordinate to Ward. Over a period of several years there were numerous peculations by Sneed totaling approximately $6,000. These were accompanied by false entries and reports. The peculations at times were represented by cash tickets or receipts. That is, a cash ticket would be substituted for the amount withdrawn and counted as cash. Sometimes they were accomplished by checks received with no intention that they should be presented to the bank. Application of funds received from individual taxpayers was frequently so manipulated as to conceal or delay discovery of the misuse of the money belonging to the State.

The Department of Revenue maintains what is known as an imprest fund. This is a revolving fund to which is charged items in suspense, such as bad checks of taxpayers, advances to field men and the like. When the bad checks are finally paid or the advances are refunded the amounts thus received are credited back to this account. This system makes it unnecessary to enter such items in the general accounts.

### BILL # 4340

This bill was drawn under the general embezzlement statute, C. S., 4268, and charges that C. W. Sneed did embezzle and misapply, from time to time, cash, money, checks, etc., of the State of North Carolina totaling $5,999.30. Evidence offered by the State (the defendant having offered none), tends to show that Sneed, over a period of years, was

guilty of numerous peculations; that Ward, his superior officer, had full knowledge thereof and consented thereto; that he aided and assisted Sneed in concealing the defalcations, and that he himself received part of the funds as loans and advances, usually on checks delivered to and to be held by Sneed. Of the amounts received by Ward from time to time in this manner he has repaid $1,800 or $2,000. At the time his services were discontinued there was still several hundred dollars unaccounted for. When the misconduct of Sneed was discovered he talked to defendant and asked him to repay the money he had advanced. The defendant replied that he had an equity in some property in New Hanover County and that he was going to sell it, get rid of it, and pay Sneed.

### BILL # 4341

This bill is drawn under C. S., 4269, and charges that on or about 1 May, 1941, the defendant embezzled $158.53, received by him by virtue of his office as Auditor and Chief of the Division of Accounts and Records. The defendant received a check in payment of taxes from the Green Grill. This check was not paid when presented to the bank. He received another check in lieu thereof for the amount due plus penalties. This check was likewise returned. The defendant then delivered the check to Sneed, his subordinate, with direction that he collect the same in cash. Sneed thereupon collected $158.53. He then returned to Ward's office and at Ward's request, delivered to him, separate from the other fund, $75.00, which defendant took and used for his own benefit and for which he has not accounted.

### BILL # 4342

This bill is also drawn under C. S., 4269, and charges that the defendant, an officer of the State, to wit, Auditor and Chief of the Division of Accounts and Records, embezzled $203.95.

One L. C. Taylor, Jr., a deputy commissioner, was short in his accounts to the amount of $1,006.65, according to a statement prepared and furnished by the defendant. This statement gave the names of the several taxpayers from whom Taylor had collected and failed to account. Taylor's wife, in his behalf, made settlement of the shortage by paying the amount in cash to officials of the Revenue Department. This money was delivered to the defendant by virtue of his office. He proceeded to credit proper amounts to several taxpayers shown on the list, to the amount of $802.70. He then drew checks against the imprest fund for the difference of $203.95 and credited the amount thus received to taxpayers listed on the statement he had furnished. The balance of $203.95 is unaccounted for. It was required, under the rules of the department, that checks drawn on the imprest fund should be signed by at least two parties. These checks drawn by Ward were signed by one Bland, a subordinate of the defendant, at his direction.

STATE *v.* WARD.

There was a verdict of guilty on each count. The court thereupon pronounced judgment on each count with the provision that the sentences thus imposed should run concurrently. The defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. B. R. Guion and D. L. Ward for defendant, appellant.*

BARNHILL, J. The record and case on appeal, exclusive of exhibits, consumes 135 pages and discloses 325 exceptions. Many of these exceptions, however, are not brought forward in the brief. Others are abandoned under the rules of practice in this Court. Rule 28. We will discuss only those which are sufficiently presented for our consideration.

The defendant moved to quash each bill of indictment. The motions filed, however, assign no grounds therefor. No defect is alleged, no deficiency is designated.

In his brief here, he attacks # 4340 for that there is no such crime as aiding and abetting embezzlement. This assignment cannot be sustained. *S. v. Pearson,* 119 N. C., 871; *S. v. Hoffman,* 199 N. C., 328, 154 S. E., 314; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Everhardt,* 203 N. C., 610, 166 S. E., 738; *S. v. Epps,* 213 N. C., 709, 197 S. E., 580; *S. v. Kelly,* 216 N. C., 627, 6 S. E. (2d), 533.

Where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643; *S. v. Beal, supra.*

When the defendant persuaded Sneed, his subordinate, to advance State funds to him for his own use as a "loan," or upon checks to be held and not presented to the bank for payment, he misapplied such funds. Certainly, at least, he aided and abetted Sneed in misapplying the same. The question of fraudulent intent was for the jury.

That he may have intended to eventually return the money thus wrongfully used does not, necessarily, exculpate him. *S. v. Summers,* 141 N. C., 841; *S. v. Shipman,* 202 N. C., 518, 163 S. E., 657; *S. v. Pace,* 210 N. C., 255, 186 S. E., 266.

He now attacks # 4341 and # 4342 for that C. S., 4269, under which these bills are drawn, does not make it unlawful to misapply or embezzle money, notes, checks or drafts, and that the language used in the statute, to wit: "any bonds issued by the State, or any security or other property and effects of the same," when strictly construed, does not include or embrace money; that this particular statute does not make it unlawful for a State officer to embezzle or misapply money belonging to the State. He insists that under the rule of strict construction an officer is indict-

able under this section of the Code only for the embezzlement of the classes of property expressly named and designated therein.

Although this argument was forcefully presented we are unable to concur.  While the word "property," as used in the embezzlement statute, relates only to personalty it is sufficiently all-inclusive to embrace money.

"The word 'property' in the embezzlement statute, includes money, goods, chattels, evidences of debt and things in action.  *S. v. Orwig,* 24 Iowa, 102, 105."  34 Words and Phrases, 396; *Fidelity & Deposit Co. v. Arenz,* 290 U. S., 66; *Superior Bath House Co. v. McCarroll,* 312 U. S., 176.  For a collection of cases to like effect see 34 Words and Phrases, pp. 480-484; 50 C. J., 737.

The defendant filed a separate motion on each bill or count, requesting and demanding a bill of particulars.  The State separately, in answer to each motion, filed an answer in which it set up certain detailed information respecting the charge contained in the related bill.  No further action was taken.  The defendant, apparently satisfied with the information thus furnished, did not press further for an allowance of his motion. No bill of particulars was filed.  The rule laid down in *S. v. Van Pelt,* 136 N. C., 633, has no application here.

Without attempting to detail the evidence further than as herein stated, it is sufficient to say that the court committed no error in overruling the defendant's motions to dismiss as of nonsuit.  The evidence, if believed and accepted by the jury, is amply sufficient to warrant the conclusion that the defendant is guilty as charged in each of the bills of indictment.

When a witness is found by the court to be an expert he may testify as such in respect to audits made by him of pertinent books and records. This is accepted law with us.  *S. v. Lancaster,* 202 N. C., 204, 162 S. E., 367, and cases cited; *S. v. Howard, ante,* 291.

The court held that the witness Burgess is an expert accountant and permitted him to testify as such.  Exceptions thereto cannot be sustained.

The witness has been in the accounting and auditing business since 1931.  He has been an auditor for the State for 8 years and Chief of the Auditing Division of the State Department of Revenue since 1 June, 1942.  This is sufficient to support the ruling of the court which is not reviewable on appeal.  *S. v. Gray,* 180 N. C., 697, 104 S. E., 647.

That the State alleged, in bill # 4341, that the defendant embezzled $158.53 and offered evidence tending to show only an embezzlement of $75.00 is not a fatal variance.  *S. v. Dula,* 206 N. C., 745, 175 S. E., 80; *S. v. Gulledge,* 173 N. C., 746, 91 S. E., 362; *S. v. Lea,* 203 N. C., 13, 164 S. E., 737.

The only exception to the charge which is of sufficient merit to require discussion is exception # 312.  This exception relates to that portion of the charge in which the court outlined and defined to the jury statutory provisions in relation to punishment.

The defendant undertook to argue to the jury the seriousness of the indictments charging that the defendant, a State officer, embezzled State property, by reason of the severity of the minimum punishment prescribed by statute. In so doing he inadvertently overlooked the modifying provisions of the Probation Statute, sec. 1, ch. 132, Public Laws 1937.

Considering this argument realistically we know that it was highly prejudicial to the State. The court undertook to remove the erroneous impression thus created and to place the cause back on an even keel so that it might be decided by the jury with complete fairness to all parties. In so doing he gave no intimation of opinion and made no implied promise of leniency. Instead, he carefully and fully cautioned the jury that they were to decide the issue upon the evidence without regard to the punishment that might or might not be imposed in the event of a conviction.

The charge was provoked by an erroneous argument as to the law. The jury was adequately cautioned in respect thereto. We are not disposed to hold, under these circumstances, that it was an instruction of which defendant may now take advantage. *S. v. Howard, ante,* 291.

This instruction and the one discussed in the *Howard case, supra,* are identical. In that opinion *Devin, J.,* cites and analyzes pertinent decisions and concludes that the charge was not prejudicial. That decision is controlling here.

After a careful examination of all the exceptions entered by the defendant in the court below we are unable to find any error of sufficient merit to justify a new trial.

No error.