## STATE v. CHESLEY GRAHAM.

(Filed 24 May, 1944.)

**1. Criminal Law § 32a—**

Where the State relies upon circumstantial evidence for a conviction, the circumstances and evidence must be such as to produce, in the minds of the jurors, a moral certainty of defendant's guilt, and exclude any other reasonable hypothesis.

**2. Criminal Law § 2—**

Intent alone is not sufficient for a conviction even of an attempt to commit the offense charged.

**3. Intoxicating Liquor § 9d—**

In a prosecution for the unlawful possession of intoxicating liquor for the purpose of sale, evidence that defendant, who resided four miles from the still, came to the still and got one-half gallon of nontax-paid whiskey and left with it, is sufficient to make out a *prima facie* case for the jury. G. S., 18-11.

**4. Criminal Law § 54b—**

A general verdict on a warrant or bill of indictment, containing several counts charging offenses of the same grade and punishable alike, is a verdict of guilty on each and every count.

**5. Criminal Law § 60—**

When offenses, of the same grade and punishable alike, are distinct, and there is a general verdict, the court can impose sentences on each count.

**6. Criminal Law § 65—**

If the verdict on any count be free from valid objection, and having evidence tending to support it, the conviction and sentence for that offense will be upheld.

**7. Criminal Law § 60—**

Where on a warrant containing five counts, charging offenses of the same grade and punishable alike, there is a general verdict of guilty and on four of the counts there is insufficient evidence to support conviction, and the court below pronounced judgment, treating the counts severally, and sentenced the defendant on the counts not supported by the evidence, and prayer for judgment was continued on the only count supported by the evidence, there will not be a new trial, but the sentence imposed will be set aside and the case remanded for judgment upon the verdict on the count supported by the evidence.

APPEAL by defendant from *Burney, J.,* at January Term, 1944, of BLADEN.

Criminal prosecution tried *de novo* in Superior Court on appeal thereto from judgment of the recorder's court of Bladen County upon warrant charging defendant with unlawful (1) possession of whiskey still, (2) manufacture of whiskey, (3) possession of intoxicating liquor for purpose of sale, (4) possession of materials for the purpose of manufacturing whiskey, and (5) aiding and abetting in the manufacture of liquor.

Upon the trial in Superior Court, defendant Chesley Graham, and his brother, Macey Graham, were tried together. The evidence offered by the State, in so far as it relates to defendant Chesley Graham, tends to show these facts: On 31 July, 1943, about 2 o'clock p.m., a whiskey still in operation and located about 300 to 325 yards from the house of Preston Bowen, near DeVane's Landing in Carver's Creek Township, Bladen County, North Carolina, was found by the sheriff of that county. "DeVane Landing is right on the river bank where they have fish frys." Preston Bowen's house is not over 20 or 30 feet from the road going into the still. Only two men, Thelbert Bowen, a brother of Preston, and one Robert Smith, were at the still. Chesley Graham was not there.

Preston Bowen, as witness for the State, testified: "I talked with Chesley Graham about three weeks before the still was found. I was at the DeVane Landing where I live and he said he wanted to put a still out there down below the house where I was living at in the woods. I knew where the still was down there. I saw Chesley Graham down there several times and he said he was looking for his boat. There is fishing down there. That time he went down right in front of the house. The still was kind of biasing back of the house . . . Chesley Graham . . . lives about four miles from me . . . Chesley came to see me about the first of July. He came down there about two or three miles from the highway and said he and Macey wanted to put a still down there . . . After that I never did see him down there except when he was going after the boat that time. That is right, I never did see Chesley go toward the still . . ."

Thelbert Bowen as witness for the State gave this narrative: ". . . Macey Graham asked me to help him make some liquor. I went down there and Robert was there running the whiskey. I stayed and Macey got me to help Robert run the liquor and that evening the sheriff came and run us out . . . Chesley came down there one time and got a one-half gallon jar of liquor. He told the boy he wanted a jar of liquor, got it and left . . . I never saw Chesley down there but one time . . . that was Friday evening when he came by himself about one o'clock and got two quarts of whiskey. He said, 'Can I get a jar of liquor?' . . . Robert told him it would be all right. After that he picked up the liquor and left. . . . He just whistled before he got there. We did not run. There was no Federal stamp nor State stamp on this whiskey."

On the other hand, defendant offered evidence tending to support a plea of alibi—that he was elsewhere at the time Thelbert Bowen says he came to the still and got whiskey, as above detailed.

Verdict: Guilty in "manner and form as charged in the bill of indictment."

Judgment: (1) On the count of manufacturing: imprisonment for period of eighteen months in common jail of Bladen County and assigned to work the roads under the supervision of the State Highway and Public Works Commission. (2) Upon the counts (a) for possession of materials for the purpose of manufacturing whiskey and (b) for possession of intoxicating liquor for the purpose of sale, prayer for judgment was continued. Defendant appealed to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*James R. Nance and Hector H. Clark for defendant, appellant.*

WINBORNE, J. Appellant presents for error the refusal of the trial court to sustain demurrer to the evidence, aptly made under G. S., 15-173, to which ruling exceptions were duly taken and preserved.

A careful consideration of the evidence in the record and case on appeal, taken in the light most favorable to the State, leads to the conclusion as a matter of law (1) that the evidence is insufficient to support a verdict on either the first, second, fourth or fifth counts in the warrant—the first and the fourth being virtually the same, and (2) that as to each of them the demurrer should have been sustained, and judgment entered accordingly. The evidence as to each of these charges, first and fourth, unlawful possession of materials for the manufacture of whiskey, second, unlawful manufacture of whiskey, and fifth, aiding and abetting in the unlawful manufacture of whiskey, tends to show no more than an expressed intent on the part of defendant to set up a whiskey still in the

vicinity where the still in question was found. Such an intent alone is not sufficient for a conviction even of an attempt to commit the offense charged. See *S. v. Addor,* 183 N. C., 687, 110 S. E., 650; *S. v. Burgess,* 186 N. C., 467, 119 S. E., 820. Moreover, though the evidence shows that three weeks thereafter, a still was set up in the approximate location to which the expressed intent related, there is no direct evidence to connect defendant with it. And the circumstances fail to meet the legal requirements for a conviction. "When the State relies upon circumstantial evidence for a conviction, the circumstances and evidence must be such as to produce in the minds of the jurors a moral certainty of defendant's guilt, and exclude any other reasonable hypothesis." *S. v. Stiwinter,* 211 N. C., 278, 189 S. E., 868, and cases cited. See also *S. v. Madden,* 212 N. C., 56, 192 S. E., 859; *S. v. Miller,* 220 N. C., 660, 18 S. E. (2d), 143.

But as to the third count charging defendant with the unlawful possession of intoxicating whiskey for the purpose of sale, the evidence that defendant, who resided four miles away from the still, came to the still and got one-half gallon of nontax-paid whiskey and left, is sufficient to make a *prima facie* case of unlawful possession of it for the purpose of sale. G. S., 18-11, formerly C. S., 3411 (j). The case of *S. v. Suddreth,* 223 N. C., 610, 27 S. E. (2d), 623, is distinguishable in factual situation. Therefore, demurrer to the evidence as it relates to this count was properly overruled.

There is a general verdict of guilty as charged. Such a verdict on a warrant or bill of indictment containing several counts charging offenses of the same grade and punishable alike, as in the instant case, is a verdict of guilty on each and every count. *S. v. Toole,* 106 N. C., 736, 11 S. E., 168; *S. v. Sheppard,* 142 N. C., 586, 55 S. E., 146; *S. v. Poythress,* 174 N. C., 809, 93 S. E., 919; *S. v. Coleman,* 178 N. C., 757, 101 S. E., 261; *S. v. Switzer,* 187 N. C., 88, 121 S. E., 43; *S. v. Maslin,* 195 N. C., 537, 145 S. E., 3.

When the offenses are distinct, and there is a general verdict, as in the case in hand, the court can impose a sentence on each count. *S. v. Toole, supra; S. v. Jarrett,* 189 N. C., 516, 127 S. E., 590; *S. v. Moschoures,* 214 N. C., 321, 199 S. E., 92; *S. v. Fields,* 221 N. C., 182, 19 S. E. (2d), 486.

If the verdict on either count be free from valid objection, and having evidence tending to support it, the conviction and sentence for that offense will be upheld. *S. v. Miller,* 29 N. C., 275; *S. v. Baker,* 63 N. C., 276; *S. v. Toole, supra; S. v. Sheppard, supra; S. v. Avery,* 159 N. C., 495, 74 S. E., 1016; *S. v. Pace,* 210 N. C., 255, 186 S. E., 366; *S. v. Epps,* 213 N. C., 709, 197 S. E., 580; *S. v. Johnson,* 220 N. C., 252, 17 S. E. (2d), 7; see also *S. v. Gordon, ante,* 304.

Applying these principles to the case in hand, we have here a warrant containing five counts charging offenses of the same grade and punishable alike. The verdict is general and, hence, it is a verdict finding the defendant guilty on each and every count. As to four of the counts there is insufficient evidence to support a verdict of guilty. But as to one, the third, the evidence is sufficient to support a. conviction therefor. The court below could only sentence defendant upon the conviction on the third count. It appears, however, that the court in pronouncing judgment treated the counts severally, *S. v. Jarrett, supra; S. v. Fields, supra,* and that the sentence pronounced was upon the conviction on a count which is not supported by evidence, and the prayer for judgment was continued as to the only count supported by evidence. There may not be a new trial, *S. v. Toole, supra,* but the sentence imposed will be set aside and the case remanded for judgment upon the verdict on the third count, that is, upon the verdict convicting the defendant of unlawful possession of intoxicating liquor for the purpose of sale. *S. v. Miller, supra.*

Error and remanded.