STATE v. ROBERT SMITH AND ROSA ROBINSON.

(Filed 20 November, 1946.)

**1. Intoxicating Liquor § 9g: Criminal Law §§ 54b, 60—**

Defendants were charged in eight separate counts with violation of statutes relating to intoxicating liquor. The jury rendered a general verdict of guilty. Defendants objected on the ground that there was no evidence to support several of the counts in the bill. *Held:* The objection is untenable since the verdict may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court, and since the general verdict will be presumed to have been rendered on the count or counts to which the evidence relates, and since a single sound count is sufficient to support the verdict and judgment.

**2. Intoxicating Liquor § 9d: Criminal Law § 8—**

In a prosecution for illegal possession and sale of intoxicating liquor and illegal possession for purpose of sale, evidence that witnesses pur-

chased drinks from one of defendants who was working on the premises is sufficient to support her conviction either as a principal or as an aider and abettor.

**3. Criminal Law § 81c (3)—**

Even if a portion of the evidence is incompetent as to one of defendants as being *inter alios*, such defendant will not be granted a new trial when its prejudicial effect is not apparent.

APPEAL by defendants from *Clement, J.,* at April, 1946, Special Criminal Term, from MECKLENBURG.

Criminal prosecution on indictment charging the defendants, in eight separate counts, with (1) manufacturing, (2) receiving more than a quart in a space of fifteen consecutive days, (3) transporting, (4) having in possession for purpose of sale, (5) selling, (6) delivering intoxicating liquors, (7) having in possession utensils, paraphernalia, etc., designed for the manufacture of liquor, and (8) receiving spirituous liquors, all contrary to the statutes in such cases provided and against the peace and dignity of the State.

On 25 January, 1946, two officers went to the home of the defendant, Robert Smith, in the City of Charlotte, and found three and one-half pints of whiskey, several small drinking glasses with the odor of whiskey in them, 25 or 30 empty pint bottles and several paper bags full of bottle caps, eight men in the living room who showed signs of having been drinking, and in the kitchen they found Rosa Robinson, a colored woman, apparently waiting on the trade. Two witnesses testified they had purchased drinks there from Rosa Robinson.

Before the officers left the house, the defendant Smith drove up in an automobile. He had seven pints of whiskey in his car and said the liquor in the house was his "and he would take the blame for it."

Verdict: Guilty as charged in the bill of indictment.

Judgments: Six months on the roads as to each defendant.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Basil M. Boyd for defendants.*

STACY, C. J. The bill in the instant case seems to have been patterned after the one used in the case of *S. v. Mull,* 193 N. C., 668, 137 S. E., 866. Unlike the verdict in the *Mull case,* however, the verdict here is a general one. The defendants complain at this because, they say, there was no evidence to support several of the counts in the bill. *S. v. McNeill,* 225 N. C., 560, 35 S. E. (2d), 629; *S. v. Graham,* 224 N. C., 347, 30 S. E. (2d), 151. Even so, it is the rule with us that a

verdict may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court. *S. v. Whilley,* 208 N. C., 661, 182 S. E., 338; *S. v. Jones,* 211 N. C., 735, 190 S. E., 733; *S. v. Morris,* 215 N. C., 552, 2 S. E. (2d), 554; *S. v. Bentley,* 223 N. C., 563, 27 S. E. (2d), 738. And further, "where the indictment contains several counts, and the evidence applies to one or more, but not to all, a general verdict will be presumed to have been returned on the count or counts to which the evidence relates." *S. v. Snipes,* 185 N. C., 743, 117 S. E., 500; *S. v. Cody,* 224 N. C., 470, 27 S. E. (2d), 283. "Where there is more than one count in a bill of indictment, and there is a general verdict, the verdict is on each count; and if there is a defect in one or more counts, the verdict will be imputed to the sound count"—*S. v. Holder* (1st syllabus), 133 N. C., 710, 45 S. E., 862.

The general verdict, even if upheld by no more than a single count, suffices to support the judgments imposed. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Coleman,* 178 N. C., 757, 101 S. E., 261; *S. v. Jarrett,* 189 N. C., 516, 127 S. E., 590. "When there is a general verdict of guilty on an indictment containing several counts, and only one sentence is imposed, if some of the counts are defective the judgment will be supported by the good count; and, in like manner, if the verdict as to any of the counts is subject to objection for admission of improper testimony or erroneous instruction, the sentence will be supported by the verdict on the other counts, unless the error was such as might or could have affected the verdict on them." *S. v. Toole* (2nd syllabus), 106 N. C., 736, 11 S. E., 168.

The evidence was sufficient to convict the defendant, Rosa Robinson, either as a principal or as an aider and abettor. *S. v. Primus and Johnson, ante,* 671; *S. v. Williams,* 225 N. C., 182, 33 S. E. (2d), 880. And even if some of the testimony were *inter alios* as to her, its prejudicial effect is not apparent.

No reversible error has been made manifest, hence the verdict and judgment will be upheld.

No error.