### STATE v. MARION COBB.

(Filed 23 May, 1951.)

**Criminal Law § 81c (4)—**

> Where but one sentence is imposed upon a general verdict of guilty, and there is no error in respect to one of the counts, error relating to the other counts cannot be prejudicial.

APPEAL by defendant from *Sharp, Special Judge,* at January Term, 1951, of GUILFORD—High Point Division.

Criminal prosecution upon warrant issued out of Municipal Court of the City of High Point, heard in Superior Court, on appeal thereto, on amended warrant charging that defendant did unlawfully (1) "barter, sell, give away, furnish, deliver, exchange, and otherwise dispose of" nontax-paid intoxicating liquors, (2) "transport and import" nontax-paid intoxicating liquors, (3) "purchase, receive, have on hand and possess . . . 34 gallons" of nontax-paid liquors, against the statute in such cases made and provided, etc.

Upon trial in Superior Court, the State offered evidence. Defendant offered none. Motions of defendant, aptly made, for judgment as of nonsuit on each count were denied. Defendant excepted. The court sub-

mitted the case to the jury only on the third count. The jury returned this verdict: "Defendant is guilty as charged."

Judgment: Confinement in the common jail of Guilford County and assigned to work under the supervision of the State Highway and Public Works Commission for a period of twelve (12) months.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*

*Gold, McAnally & Gold for defendant, appellant.*

PER CURIAM. Defendant assigns as error the ruling of the trial court in denying his motions for judgment as of nonsuit on each count, and to the failure of the court to charge on each count. Manifestly, the evidence offered upon the trial below is sufficient to support a verdict of guilty on the third count. And the charge on this count appears to be proper. However, the verdict is general, and the judgment imposes only one sentence. Therefore, the judgment is affirmed on authority of *S. v. Smith*, 226 N.C. 738, 40 S.E. 2d 363.

No error.