STATE v. SHERMAN HALL AND ROOSEVELT REYNOLDS.

(Filed 5 November, 1930.)

1. **Trial B c—Exception to admission of evidence will not be sustained where same evidence has been admitted without objection.**

    An objection to the admission of the testimony of a witness will not be sustained on appeal where the same testimony has been given by another witness without objection.

2. **Criminal Law G b—Evidence in this case held admissible as a part of the same transaction.**

    Where in a prosecution for manufacturing and possessing materials for the manufacture of intoxicating liquor a witness for the State has testified that the two defendants had brought a still to his place and had set it up in a field and manufactured whiskey, and had told officers where the whiskey could be found: *Held,* the finding of the whiskey at the place designated is incompetent as an independent fact, but taken in connection with the evidence that the defendants were acting together in

procuring a still and manufacturing whiskey, it was a part of the same transaction, and the admission of testimony of another witness corroborating the declaration of the first as to the location of the whiskey is not error.

CRIMINAL ACTION, before *Cranmer, J.,* at July Term, 1930. From HERTFORD.

The defendants were indicted upon a bill containing counts for manufacturing, possession of materials designed for the manufacture of whiskey, and illegal possession of intoxicating liquor for the purpose of sale.

The evidence tended to show that one Herbert Beverly told officers searching his premises that a liquor still and thirty-five or forty gallons of mash found thereon belonged to the defendants, and that said defendants had brought the still to his place, together with some mash and sugar, and thereafter carried the still and set it up in the field and made whiskey. Thereafter a witness for the State named Vann testified as to the statement made by Beverly at the time of the search. The defendants were not present at the time of the search or of the conversation.

The jury rendered a verdict of guilty, and upon judgment thereon the defendants appealed.

*W. D. Boone, Stanley Winborne and Alvin Ely for defendants.*

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

PER CURIAM. The defendants excepted to certain declarations of a witness for the State named Vann, tending to show that they had engaged in the manufacture of intoxicating liquor and were the owners of a still found at the home of the witness Beverly. However, the witness Beverly had previously testified to substantially the same facts without objection. Hence the exception cannot be sustained. *Shelton v. R. R.,* 193 N. C., 670.

At the time of the search the officers inquired of the witness Beverly where the whiskey was, and said witness told them where it could be found. Thereafter a keg was found at the home of Clayton Hall, a brother of defendant, Sherman Hall, and with whom the defendant Sherman lived. The finding of this keg would be incompetent as an independent fact, but it appears upon the record that the defendants, Hall & Reynolds, were acting together in procuring a still, setting it up and actually manufacturing whiskey. Hence the testimony objected to was a part of the same transaction. Furthermore, the testimony tended to corroborate witness Beverly, who told the officers where they could find the whiskey so manufactured.

No error.