STATE v. J. C. HOUSE.

(Filed 7 April, 1937.)

1. Criminal Law § 81c—

Where defendant is tried upon two counts and judgment is pronounced on a general verdict of guilty, the refusal of defendant's motion for judgment as of nonsuit on one count, there being no motion to nonsuit as to the other count, cannot be held for prejudicial error.

2. Intoxicating Liquor § 9e—

The instruction of the court upon the presumption from the possession of more than one gallon of whiskey held without error.

3. Criminal Law § 53f—

An exception to the statement of the contentions of the parties will not be considered when no objection is noted at the time.

4. Criminal Law § 56—

Exception to the denial of a motion in arrest of judgment on the ground that the special term of court at which defendant was tried was not properly advertised held untenable on this record.

STATE *v.* HOUSE.

APPEAL by defendant from *Williams, J.,* at January Special Term, 1937, of PITT. No error.

The defendant was charged with maintaining a common nuisance, and also with the possession of whiskey for the purpose of sale.

From judgment pronounced on a general verdict of guilty, the defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Albion Dunn for defendant, appellant.*

PER CURIAM. Appellant assigns as error the denial of his motion for nonsuit on the charge of maintaining a nuisance, but this cannot be sustained, as there was evidence of possession of whiskey for the purpose of sale as charged in the second count, and the jury returned a general verdict of guilty. *S. v. Pace,* 210 N. C., 255; *S. v. Norris,* 206 N. C., 191; *S. v. McAllister,* 187 N. C., 400; *S. v. Switzer,* 187 N. C., 88. There was no motion for nonsuit on the second count.

The charge of the court as to the *prima facie* effect of possession of more than one gallon of whiskey was in substantial accord with the rule laid down in *S. v. Wilkerson,* 164 N. C., 431, and other cases. The charge was free from error.

The exception to the recital of certain testimony in the judge's charge is without merit, as the judge was stating the contentions of the parties and no objection was noted at the time. *S. v. Baldwin,* 184 N. C., 791. Furthermore, it appears the statement of the court to which exception was noted was substantially as testified, without objection, by witness Whitehurst.

The motion in arrest of judgment on the ground that the special term of court was not properly advertised is untenable on this record. The defendant appeared at a properly authorized special term of court, and when his case was called, entered his plea of not guilty, made no motion to quash, nor objection to the jury. The ruling in *S. v. Baxter,* 208 N. C., 90, is inapplicable here. *S. v. Boykin, ante,* 407.

There were no other assignments of error brought forward in defendant's brief or presented on the argument. In the trial we find