### STATE v. JOHN GORDON.

(Filed 10 May, 1944.)

**1. Intoxicating Liquors § 9d—**

In a criminal prosecution for having liquor for the purpose of sale, where the State's evidence tended to show that defendant, who was not listed as owner or driver, had possession of a truck loaded with 579 cases of liquor, part of an interstate shipment from Maryland to South Carolina which had been diverted far from the usual route, the packages not being labeled as to consignee and contents in violation of the U. S. penal code, and the evidence also showing that defendant had offered to let one have some of the liquor and was, when arrested, apparently in the act of making delivery to this party, who then had $1,000.00 in cash on his person, an exception to a refusal to dismiss as in case of nonsuit, G. S., 15-173, is without merit, the evidence being amply sufficient without resort to the statutory presumption, G. S., 18-32.

**2. Intoxicating Liquors § 7—**

A cargo of liquor, started on its way as an interstate shipment, may be diverted to unlawful purposes and the nature of the shipment does not license the one in possession to dispose of it at will in this State.

**3. Intoxicating Liquors § 9b—**

The Turlington Act, G. S., 18-2—18-32, contemplates that no person shall transport or have in his possession for the purpose of sale any intoxicating liquor. There are exceptions and, ordinarily, the burden is on him who asserts that he comes within the exception to show by way of defense that he is one of that class authorized by law to have intoxicants in his possession.

**4. Intoxicating Liquors § 9f: Criminal Law § 53b—**

Where an instruction, that "the possession of more than one gallon of liquor constitutes *prima facie* evidence of unlawful possession for the purpose of sale in violation of G. S., 18-32," is directed to a count charging unlawful possession for the purpose of sale, and defendant is convicted on that count and on another count of unlawful transportation, and sentences imposed run concurrently, conceding the charge to be erroneous, it cannot avail defendant, who must show error affecting the whole case.

**5. Criminal Law § 81c—**

Error in the admission of evidence is rendered harmless by the later admission of substantially similar evidence without objection.

**6. Criminal Law § 53f—**

Where the court in its charge substantially complies with G. S., 1-180, if defendant desires further elaboration and explanation, he should tender prayers for instructions; otherwise, he cannot complain.

**7. Criminal Law §§ 10, 45—**

One, who does not seek the right to prosecute and who is not charged with participation in the crime, cannot complain of the court's refusal to grant his petition to intervene in a criminal prosecution.

APPEAL by defendant and the Atlantic States Motor Lines, Inc., petitioner, from *Burgwyn, Special Judge,* at November Criminal Term, 1943, of WAKE. No error.

Criminal prosecution on warrant charging violation of certain provisions of the prohibition law.

The Calvert Distilling Company, of Baltimore, Maryland, delivered to the Atlantic States Motor Lines, Inc., 727 cases of liquor for transportation under a master way bill showing Charleston, South Carolina, as the point of destination. The "truck dispatch" sheet and other documents name Augusta, Georgia, as the destination. The transportation company hired the truck of one M. C. Garner with Charles Stephens as driver to transport 579 cases, and the remaining 148 cases were shipped on another truck as a part of a load of miscellaneous freight. Free astray bills in addition to the master way bill were issued.

The motor company's main terminal is at High Point, N. C. Similar shipments go by Danville, Va., and High Point. On 10 July, the Garner truck was seen in Wake County in charge of the defendant. Defendant went to Garner's home and used his car to visit one Mills and he offered to let Mills have some of the liquor. Thereafter he drove the truck out on the Pittsboro road with Mills following on his automobile. They were later found by officers just across the Chatham County line. At that time the automobile was backed up to the rear of the truck and apparently defendant was in the act of transferring cases

of liquor to Mills' car. Defendant was arrested and the liquor was seized and is now being held by the proper authorities pending the final determination of this action.

When the case was called for trial counsel for the Motor Lines appeared and moved the court that the Motor Lines be allowed to participate in the trial and through counsel to examine and cross-examine witnesses. The court offered to permit the Motor Lines to appear through counsel as requested, and in addition to offer evidence, if it would agree that the jury trying the case might pass finally upon the rights of the Motor Lines, if any, to the possession of the property involved, and that except for errors committed by the court in the trial there would be no appeal. It declined to so agree, and the court denied its motion. It excepted.

There was a verdict of guilty on three counts. (1) Unlawful possession of intoxicating liquor; (2) unlawful possession of intoxicating liquor for the purpose of being sold, given away, or otherwise disposed of; and (3) unlawful transportation of intoxicating liquor.

The Motor Lines then filed a petition for an order directing the officers to deliver the cargo of liquor to it as the rightful custodian for transportation to the original assignee. The court declined to sign the order tendered therewith. It excepted and gave notice of appeal.

The court entered an order of confiscation under the statute, but at the same time granted any and all persons claiming an interest in the liquor thirty days within which to intervene and assert their rights. The order of confiscation was suspended, pending the hearing on such petitions as might be filed. The Motor Lines excepted. Thereafter, it intervened and set up its claim to the right of possession of the liquor. Hearing on this petition is still pending.

The court pronounced judgment on the verdict, and defendant and the petitioner appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Walter D. Siler, W. P. Horton, Wm. Y. Bickett, and L. S. Brassfield for Board of Education of Wake County and Board of Education of Chatham County, appellees.*

*Douglass & Douglass for John Gordon, defendant, appellant.*

*Roberson, Haworth & Reese and Joyner & Yarborough for Atlantic States Motor Lines, Inc., petitioner, appellant.*

BARNHILL, J. Defendant's exception to the refusal of the court to dismiss as in case of nonsuit under G. S., 15-173; C. S., 4643, is without merit. There is ample evidence in the record which tends to show that

the shipment, even though interstate in origin, was being diverted and prostituted to purposes which are violative of our law. The truck was not sealed. The packages were not so labeled on the outside cover as to plainly show the name of the consignee, the nature of the contents, and the quantity contained therein. Thus the shipment was in direct violation of the penal code of the United States. 18 U. S. C. A., sec. 390. The truck was in possession of one who was not listed as owner or driver. He was considerably off the course usually followed in making such shipments. He stopped in or near Apex for several hours, during which time he approached Mills and offered to let him have some of the liquor. When apprehended he was apparently in the act of making a delivery to Mills, who then had $1,000 in cash on his person. These and other facts and circumstances disclosed by the testimony are amply sufficient to support an adverse verdict without resort to any statutory presumption. G. S., 18-32.

The court instructed the jury as follows:

"Now, I charge you that whether or not the liquor was properly and legally consigned to the Atlantic States Motor Lines, and whether or not it was an interstate shipment, if you are satisfied beyond a reasonable doubt that while it was in this county, John Gordon took possession of it and had it in his possession for the purpose of sale, it would become your duty to find him guilty of possession of whiskey for the purpose of sale, unlawful possession of whiskey for the purpose of sale."

We perceive no error in this instruction. Exception thereto is without merit. To hold otherwise would require the conclusion that a cargo of liquor, once started on its way as an interstate shipment, could not be diverted to unlawful purposes and that the nature of the shipment licenses the one in possession to dispose of it at will in this State with impunity. Such is not the purpose, intent, or effect of the law protecting shipments in interstate commerce. *Johnson v. Yellow Cab Transit Co.,* 88 L. Ed., 553; *Duckworth v. Arkansas,* 86 L. Ed., 294, 138 A. L. R., 1144; *Carter v. Commonwealth of Va.,* 88 L. Ed., 387.

But the court instructed the jury further that the possession of more than one gallon of liquor constitutes *prima facie* evidence of unlawful possession for the purpose of sale in violation of the statute, G. S., 18-32; C. S., 3379, to which defendant excepts.

The Act, G. S., 18-2, 18-32, contemplates that no person shall transport or have in his possession for the purpose of sale any intoxicating liquor. There are exceptions. One of these is a person engaged in the *bona fide* transportation of liquor through, but not to be delivered in, the State. Ordinarily, the burden is on him who asserts that he comes within the exception to show by way of defense that he is one of that class author-

ized by law to have intoxicants in his possession. *S. v. Epps,* 213 N. C.,
709, 197 S. E., 580; *S. v. Davis,* 214 N. C., 787, 1 S. E. (2d), 104.

Even so, the defendant contends that on this record, in the light of
the fact the State offered evidence of the interstate nature of the ship-
ment, the general rule does not apply; that the State, having offered
evidence of lawful possession, cannot now call to its aid any statutory
presumption of unlawfulness.

Conceding without deciding that this position may be sound and
that the charge was erroneous, it cannot avail the defendant here. The
instruction complained of was directed to the count charging unlawful
possession for the purpose of sale. Defendant was convicted on all three
counts. The offenses charged are of equal gravity, and the sentences
imposed run concurrently. On this state of the record defendant must
show error affecting the whole case. *S. v. Pace,* 210 N. C., 255, 186
S. E., 386; *S. v. House,* 211 N. C., 470, 191 S. E., 24; *S. v. Epps, supra;
S. v. Johnson,* 220 N. C., 252, 17 S. E. (2d), 7; *S. v. Smith,* 221 N. C.,
400, 20 S. E. (2d), 360.

The State, having examined Mills as its witness, on cross-examination
of the defendant's witness Garner, elicited the statement that he, the
witness, had heard that Mills dealt in whiskey. It stressfully contends
that this evidence was competent as tending to show that Mills was the
kind or type of person the defendant would approach to make a sale of
liquor, and that as such it was a material circumstance lending credence
to its other testimony. There is much force in the argument. In any
event, the error, if any, was rendered harmless by the later admission of
substantially similar testimony without objection. *S. v. Hall,* 199 N. C.,
685, 155 S. E., 567; *S. v. Hudson,* 218 N. C., 219, 10 S. E. (2d), 730.

It is conceded that the court below fully instructed the jury as to the
evidence and the contentions of the parties. A careful examination of the
charge discloses that he applied the law in substantial compliance with
the requirements of G. S., 1-180; C. S., 564. If the defendant desired
further elaboration and explanation of the law he should have tendered
prayers for instructions. In the absence thereof he cannot now complain.
*Ellis v. Wellons, ante,* 269; *S. v. Puckett,* 211 N. C., 66, 189 S. E., 183;
*Arnold v. Trust Co.,* 218 N. C., 433, 11 S. E. (2d), 307; *Motor Co. v.
Insurance Co.,* 220 N. C., 168, 16 S. E. (2d), 847.

We have carefully examined the other exceptive assignments of error.
In them we find no sufficient cause for disturbing the verdict.

## PETITIONER'S APPEAL.

The petitioner cites no authority which sustains its contention that it
had the right to intervene and participate in the criminal prosecution of

the defendant. It did not seek the right to prosecute and it was not charged with participation in the crime. The issue was exclusively one of guilt or innocence. Hence, we can perceive no sound reason why it should be permitted to do so.

Even so, the court offered to permit it to become a party so as to be bound by the verdict. This offer it declined. Surely it does not seriously insist that it should be permitted to engage in the trial while clothed in a cloak of immunity protecting it against the results of an adverse verdict.

The statute provides: "The court, upon the conviction of the person so arrested, shall order the liquor destroyed." G. S., 18-6. (See also G. S., 18-13 and -48.) Whether this provision is in the nature of a forfeiture for crime or a confiscation as contraband is not presented for decision on this record. Upon its determination the rights of the petitioner largely depend. 30 Am. Jur., 541. As the question has not been decided by this Court, it should have full opportunity to be heard. This right the court below was careful to preserve. Petitioner was granted a hearing and opportunity to present its claim. But the hearing has not been had. It appealed before it was hurt.

As to defendant,
No error.

As to petitioner,
Appeal dismissed.