STATE v. MARVIN L. MATHESON.

(Filed 11 April, 1945.)

**1. Criminal Law §§ 32a, 33, 34b—**

In a prosecution for murder the testimony of a taxi driver that prisoner, when fleeing from the scene of the alleged crime, commandeered his taxicab with gun in hand, said he had killed deceased and threatened to kill the witness if he let the cops catch him, is competent.

**2. Criminal Law § 81c—**

Exceptions by defendant, in a criminal prosecution, to evidence of a State's witness will not be sustained, where the defendant himself testifies without objection to substantially the same facts. ·

**3. Homicide §§ 4c, 25—**

Where the defendant, in a prosecution for murder, admitted that he intentionally and without provocation fired the gun which resulted in the death of deceased, a police officer, to prevent deceased from arresting him, and offered no excuse or explanation in mitigation for his act, except that he did not make up his mind and determine to kill deceased, there is evidence of premeditation and deliberation and evidence sufficient to sustain a verdict of murder in the first degree, and motion for nonsuit, G. S., 15-173, was properly overruled.

**4. Homicide § 4c—**

Deliberation is not ordinarily capable of actual proof, but must be determined by the jury from the circumstances.

APPEAL by defendant from *Rudisill, Special Judge,* at August Term, 1944, of ALEXANDER.

Criminal prosecution tried upon indictment charging defendant with the murder of one D. A. Millsaps.

The State offered evidence tending to show that the defendant, on 9 July, 1944, while being interviewed by D. A. Millsaps, Chief of Police of the town of Taylorsville, in the Alexandria Hotel, shot and killed the said Millsaps, when the officer requested the defendant to accompany him to police headquarters. After shooting the officer twice, first in the back and then in the head, the defendant fled from the hotel with his gun in hand, threatening a Negro woman whose home he attempted to enter, but did not. He then proceeded to the local ice plant, where he found the driver of a taxicab, drew his gun on him and ordered him to drive him out of town. That while riding with the taxicab driver, defendant threatened to kill him if he let the officers catch him; he told him he had killed the Chief of Police; that he was going to Winston-Salem and Greensboro and then to Shelby and he would kill a certain cop there, and that "He killed Mr. Millsaps because he wanted to meddle

in his business, and he was not going to jail with him. He knew if he caught him with the things he did not have money to pay out and he would have to go."

The Sheriff of Alexander County testified that the defendant told him that, when "Mr. Millsaps picked up his bag and said 'Come on we will go to police headquarters and see what we can find out about you,' he let him get six feet in front of him and he shot him in the back, and Mr. Millsaps turned around and he thought he reached for his gun, and he shot him again in the forehead and ran out the back way."

The defendant, in his testimony, fully corroborated the above testimony of the State's witnesses, but denied he intended to kill the Chief of Police. The substance of the defendant's testimony is as follows: He was 15 years of age on 10 March, 1944, and was discharged from Jackson Training School 15 April, 1943, after having spent two years in that institution for stealing Ten Dollars. He had been employed in Conover and quit his job on Friday, 7 July, 1944. He stole two pistols from his employer, a suit of clothes and a pocketbook containing $5.00 from a fellow employee. He rode a bus from Hickory to Taylorsville Saturday night, 8 July, 1944, and upon his arrival at the bus station in Taylorsville, he was questioned by a police officer. He told the officer his name was Paul Putnam. He registered at the Alexandria Hotel as Paul Putnam. He slept that night with the two guns under his pillow. "The reason I didn't give my name at the hotel, that policeman, when he saw me here at the bus, I thought they were looking for me because I had stole the guns. . . . I gave him a false name when I talked to him. Yes, it was to evade the law." At the time of the interview with Chief Millsaps on the following morning, in the lobby of the Alexandria Hotel, the defendant was wearing the suit of clothes and also had on his person the two pistols and the pocketbook containing $5.00, all of which he had stolen. When the Chief of Police picked up his bag and said they would go to police headquarters, "I knew they would find the guns and before I knew what I was doing, I shot him. . . . Yes, I knew if he took me to headquarters and found the gun and stolen property on me that I would have to serve a sentence. I told the Sheriff that I let him get six paces away and shot him, but I didn't make up my mind and determine to kill him."

Verdict: Guilty of murder in the first degree. Judgment: Death by asphyxiation. Defendant appeals to the Supreme Court, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Horace Kennedy for defendant.*

DENNY, J.   The first and second exceptions are based upon the failure of the trial court to exclude the testimony of Grover Bentley, the taxicab driver, in which he testified to certain threats and statements made by the defendant.   This witness merely related what took place during the defendant's efforts to evade arrest after killing the police officer, which included threats made against the taxicab driver if he did not assist the defendant in escaping.   These exceptions cannot be sustained.   *S. v. Payne,* 213 N. C., 719, 197 S. E., 573; *S. v. Steele,* 190 N. C., 506, 130 S. E., 308.   Moreover, the defendant, without objection, testified to substantially the same facts as those testified to by the witness Bentley, to which the defendant directs his exceptions.   *S. v. Gordon,* 224 N. C., 308, 30 S. E. (2d), 43; *S. v. Williams,* 220 N. C., 455, 17 S. E. (2d), 769; *S. v. Hudson,* 218 N. C., 219, 10 S. E. (2d), 740; *S. v. Hall,* 199 N. C., 685, 155 S. E., 567.

The third and fourth exceptions are to the refusal of his Honor to sustain the defendant's motion for judgment as of nonsuit at the close of the State's evidence and renewed at the close of all the evidence.   G. S., 15-173.   The appellant in arguing these exceptions contends there is no evidence of premeditation and deliberation on the part of the defendant, and therefore the motion should have been allowed.   We do not so hold. The defendant admitted that he intentionally fired the gun which resulted in the death of the deceased and offered no excuse or explanation in mitigation of his act.   Consequently, the court properly overruled the motion for judgment as of nonsuit.   *S. v. Gay,* 224 N. C., 141, 29 S. E. (2d), 458; *S. v. Jones,* 222 N. C., 37, 21 S. E. (2d), 812; *S. v. Landin,* 209 N. C., 20, 182 S. E., 689.   Deliberation is not ordinarily capable of actual proof, but must be determined by the jury from the circumstances.   There is no evidence of any provocation on the part of the deceased which could have aroused the sudden passion of the defendant, but, on the contrary, the defendant in describing what took place immediately preceding the killing of the police officer, testified: "I did not want him to arrest me.   He had not mistreated me.   He was kind to me.   He didn't display any force or any gun or any black jack."

We think the evidence disclosed on this record, and set out somewhat in detail herein, is sufficient to sustain the verdict of murder in the first degree.   *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 545; *S. v. Hammonds,* 216 N. C., 67, 3 S. E. (2d), 439; *S. v. Burney,* 215 N. C., 598, 3 S. E. (2d), 24; *S. v. Bowser,* 214 N. C., 249, 199 S. E., 31; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 31; *S. v. Evans,* 198 N. C., 82, 150 S. E., 678; *S. v. Steele, supra; S. v. Dowden,* 118 N. C., 1145, 24 S. E., 722.

The defendant was only fifteen years of age at the time he killed the deceased. It is extremely unfortunate that one so young should commit such a heinous crime. In the trial below, however, we find

No error.