STATE OF NORTH CAROLINA v. GEORGE PARKS

No. 7223SC188

(Filed 29 March 1972)

1. **Criminal Law § 84; Searches and Seizures § 1— search without warrant — articles in plain view**

    No warrant was required for the seizure of two pistols from the car in which defendant was sitting when he shot deceased, where an officer opened the car door and saw the pistols lying in plain view on the driver's seat under the steering wheel.

2. **Criminal Law § 84; Searches and Seizures § 1— search without warrant — articles in plain view**

    Neither the Fourth Amendment nor G.S. 15-27 prohibits a seizure without a warrant by an officer in the discharge of his official duties where the article seized is in plain view.

3. **Criminal Law § 105— motion for nonsuit — waiver by introducing evidence — renewal**

    Where defendant introduces evidence, the motion for nonsuit at the close of the State's evidence is waived, and a renewed motion must be made at the close of all the evidence.

4. **Homicide § 21— second degree murder — sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for second degree murder where it tended to show that the victim and defendant exchanged words and scuffled at a store, that defendant went to his car, and that the victim approached defendant's car and defendant shot him with a pistol.

5. **Homicide § 30— submission of second degree murder — verdict of manslaughter — harmless error**

    Error, if any, in the submission of the question of guilt of second degree murder was rendered harmless by a verdict of guilty of manslaughter.

6. **Criminal Law § 102— argument of solicitor — prejudicial error**

    The control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and an impropriety must be sufficiently grave to be prejudicial in order to entitle defendant to a new trial.

APPEAL by defendant from *Crissman, Judge,* October 1971 Criminal Session, WILKES Superior Court.

Defendant was indicted for first degree murder, was tried for second degree murder and found guilty by a jury of manslaughter. The evidence presented at trial tended to show: The victim, Thomas Lee Triplett, in the company of his brother-

in-law, Cammie Dean Harris, went to a grocery store at about 11:15 p.m. on 12 June 1971. While at the store the victim and defendant exchanged words and "scuffled." Defendant went to his car, after which the victim approached the car in which defendant was seated. By his own testimony defendant indicated he shot the victim with a .32 caliber pistol. Defendant relied on evidence of self-defense, asserting the victim approached him with a hatchet but no hatchet was ever found. From judgment that defendant be imprisoned for a term of 8 to 12 years, defendant appeals.

*Attorney General Robert Morgan by Associate Attorney Charles A. Lloyd for the State.*

*Franklin Smith for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the denial of his motion to suppress the State's evidence consisting of two guns found in an automobile near the scene of the shooting, contending an illegal "search and seizure." We find no merit in this contention.

[1] Pertinent testimony of Deputy Sheriff McCann with respect to this assignment of error is summarized thusly: He was on duty on the night of 12 June 1971 and around midnight received a call over the radio relative to a shooting. He immediately went to Gentry's store and on arrival saw that Tommy Lee Triplett had been shot. The victim was lying on the ground; defendant was lying on the ground beside the victim with Tommy Redding holding defendant down. They were near the driver's side of a 1960 Ford that defendant had been driving. While the victim and defendant were being placed in an ambulance, Officer McCann opened the car door and saw two guns lying on the driver's seat under the steering wheel; "the guns were laying there in visible sight." One of the guns was a .32 revolver and the other a .38 revolver. The .32 had been recently fired and contained five unspent cartridges with an empty round in the chamber. A pathologist testified that the victim died as the result of bullet wounds to vital internal organs.

[2] Neither the Fourth Amendment nor G.S. 15-27 is applicable where no search is made; the law does not prohibit a seizure without a warrant by an officer in the discharge of his official

duties where the article seized is in plain view. *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495 (1968). The limits of reasonableness which are placed upon searches are equally applicable to seizures, and whether a search or seizure is reasonable is to be determined on the facts of the individual case. *State v. Howard, supra.* We think the reasoning and authorities set forth in *State v. Howard, supra,* and in *State v. Fry,* 13 N.C. App. 39, 185 S.E. 2d 256 (1971) are applicable to this case and no useful purpose would be served by a repetition of the reasoning and authorities set forth in those opinions.

[3, 4] Defendant assigns as error the denial of his motion for nonsuit interposed at the close of all the evidence. The record reveals that there was no exception taken at that time and the exception under this assignment of error in defendant's brief is that taken at the denial of his motion at the close of the State's evidence. Where defendant introduces evidence, the motion for nonsuit at the close of the State's evidence is waived, and a renewed motion must be made at the close of all the evidence. *State v. Prince,* 270 N.C. 769, 154 S.E. 2d 897 (1967). In such instance the assignment of error should be based on the second exception. *State v. Cotten,* 2 N.C. App. 305, 163 S.E. 2d 100 (1968). In any criminal case upon motion for nonsuit all the evidence admitted must be considered in the light most favorable to the State, giving it the benefit of every reasonable inference to be drawn therefrom, and so much of the defendant's evidence as is favorable to the State must also be considered. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971) ; *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967). A review of the evidence in this case, taking the defendant's and State's evidence together, leaves no question but that the evidence was sufficient to withstand a nonsuit motion even if it had been properly presented on appeal.

[5] Defendant's contention that the court erred in denying his motion to dismiss the charge of second degree murder and submit the case to the jury only on the issue of manslaughter is untenable since if error was committed, it was not prejudicial to defendant inasmuch as the jury answered favorably to defendant on this point by returning a verdict of manslaughter. *State v. Brannon,* 234 N.C. 474, 67 S.E. 2d 633 (1951).

[6] Defendant presents four assignments of error concerning the argument of the solicitor to the jury. The control of the

argument of the solicitor and counsel must be left largely to the discretion of the trial court, and an impropriety must be sufficiently grave to be prejudicial in order to entitle defendant to a new trial. *State v. Seipel,* 252 N.C. 335, 113 S.E. 2d 432 (1960). We find nothing in the solicitor's argument in this case that has been held to be condemned conduct sufficient to be prejudicial. See 2 Strong, N.C. Index 2d, Criminal Law, § 102, p. 64 et seq.

We have reviewed the other assignments of error brought forward and argued in defendant's brief but find them without merit. They are all overruled.

No error.

Judges CAMPBELL and GRAHAM concur.