STATE OF NORTH CAROLINA v. JEFFREY L. CAMPBELL

No. 7316SC484

(Filed 11 July 1973)

1. **Criminal Law § 15— change of venue — special venire — pretrial publicity**

In a prosecution for possession with intent to distribute controlled substances, the trial court did not abuse its discretion in the denial of defendant's motion for a change of venue or for a special venire from another county on the ground of unfavorable publicity where there was no indication that any of the jurors had been unduly influenced by press reports or other information or would be prejudiced against defendant in any way, and defendant did not exhaust his peremptory challenges.

2. **Narcotics § 2— possession with intent to distribute.— indictment**

An indictment for possession of controlled substances with intent to distribute need not set out to whom defendant intended to distribute the controlled substances.

3. **Criminal Law § 84; Searches and Seizures § 1— narcotics in plain view — seizure without warrant**

No search warrant was required for the seizure of plastic bags containing marijuana, LSD, and MDA from defendant's car where the seized articles were found in plain view on the front seat of the car and were not discovered by any search.

4. **Narcotics § 5— possession of controlled substances with intent to distribute — sentences**

Sentence of five years for possession of LSD with intent to distribute and possession of MDA with intent to distribute and consecutive sentence of from two to five years for possession of marijuana with intent to distribute were within statutory limits and not reviewable on appeal. G.S. 90-95.

APPEAL by defendant from *McKinnon, Judge,* 27 November 1972 Session of Superior Court held in SCOTLAND County.

Defendant was charged in three separate bills of indictment under the Controlled Substances Act, G.S. 90-86 *et seq.*, with felonious possession with intent to distribute controlled substances, to wit, marijuana in excess of five grams, Lysergic Acid Diethylamide (LSD), and 3, 4-Methylenedioxy amphetamine (MDA).

In proceedings before trial the defendant filed motions for a change of venue or for a special venire from another county because of prejudicial publicity, to quash the indictments, and to suppress evidence because of illegal search and seizure. The court denied the first two motions prior to trial and after a *voir dire* hearing during the course of the trial denied the motion to suppress evidence.

The evidence for the State in summary was as follows: Deputy Sheriff Wayne Davis received information from a confidential informant about 5:00 p.m. on 22 July 1972 that a drug party was planned that evening at Jones's Ocean, a lake about ten miles northwest of Laurinburg, and that the defendant, Jeffrey Campbell, who was selling drugs, would be there. Deputy Davis and nine other officers went to Jones's Ocean to investigate possible drug violations. They parked a mile and a half from Jones's Ocean and walked through the woods to avoid discovery. There were some ten to fifteen cars which they observed coming into the area. At about 10:30 p.m. the officers moved to within twenty-five yards of where the cars were parked. Deputy Davis walked toward a 1969 Buick with a black vinyl top which he had previously seen being operated by the defendant Campbell. It was dark outside the car but the headlights were on and the door on the driver's side was open. Davis recognized the defendant sitting in the driver's seat with his feet out on the ground. The light was on inside. An individual named Pate was standing on the front side of the door facing Campbell. There were other occupants in the car. Campbell was talking to Pate and Pate had both hands extended for an exchange. Deputy Davis heard Campbell say, "Is that enough?" and Pate replied, "Yes." At that time Deputy Davis was three or four feet away and coming toward them. He walked directly to the door, presented his badge, and identified himself. Campbell took a plastic bag in his right hand and put his hand behind him, and Davis advised him not to move. Davis looked directly behind the defendant in the seat of the lighted car and there were several plastic bags, one containing green vegetable material he believed to be marijuana,

and another, containing plastic tubing commonly used for tying off the arm for injection. Deputy Davis arrested the defendant, had him stand up outside the car for search for weapons, and then examined the other plastic bags. There was one plastic bag with white powder material in it directly behind where defendant was sitting and other bags containing plastic tubing and one bag containing pills or capsules. There were three hand-rolled cigarettes which the officer examined and believed to be marijuana. No compartments of the car were opened at that time. All of the articles described were in plain view before or after the defendant got out of the car. Deputy Davis testified he had seen similar material used before in connection with the drug traffic—the plastic bags—approximately 150 to 200 times.

Defendant Campbell was advised of his constitutional rights by Deputy Davis and then voluntarily admitted having the drugs in his possession but denied selling them.

Deputy Davis knew the defendant and had seen him on numerous occasions driving the Buick car in which he was arrested.

The materials seized in the car were forwarded to the State laboratory for analysis, and an expert chemist for the State testified that the green vegetable material was marijuana, the capsules were LSD, and the white powder was MDA.

The defendant presented evidence from others at the scene of the arrest which tended to show that Deputy Davis was unable to see the materials he described in the car prior to the arrest and seizure.

The jury returned a verdict of guilty upon all three charges. The charges of possession with intent to distribute LSD and possession with intent to distribute MDA were consolidated for judgment and defendant was sentenced to a term of five years. In addition he received a term of two to five years for possession with intent to distribute marijuana to begin at the expiration of the preceding sentence. From this judgment, defendant appealed.

*Attorney General Morgan, by Assistant Attorney Eatman, for the State.*

*Downing, David & Vallery, by Edward J. David, for defendant appellant.*

BALEY, Judge.

[1] The defendant assigns as error the denial of his motion for a change of venue on the grounds of unfavorable publicity, or, in the alternative, for a special venire from another county. This motion is addressed to the discretion of the trial judge, and his decision in the exercise of such discretion will not be disturbed on appeal unless a manifest abuse is shown. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123; *State v. Ray,* 274 N.C. 556, 164 S.E. 2d 457; *State v. Brown* and *State v. Maddox* and *State v. Phillips,* 13 N.C. App. 261, 185 S.E. 2d 471, *cert. denied,* 280 N.C. 723. In the examination of the jury there was no indication that any of the jurors had been unduly influenced by press reports or other information or would be prejudiced against the defendant in any way. The defendant did not exhaust his peremptory challenges and has not shown that he was required to accept any juror to whom he had any legal objection. There is no abuse of discretion. This assignment of error is without merit.

[2] The motion to quash the indictment was based on the premise that the indictments must set out to whom the defendant intended to distribute the particular controlled substances. The motion was properly denied. The defendant was not charged with the sale or distribution of these substances, but *with possession with intent to distribute.* This constitutes the crime and was charged in the indictments.

[3] The motion of defendant to suppress the evidence seized when defendant was arrested was properly denied. Under the circumstances of this case the constitutional guaranty against unreasonable search and seizure would not apply. Upon information that the defendant would be distributing narcotics at Jones's Ocean, Deputy Sheriff Wayne Davis and nine other officers went to investigate these possible violations of the criminal law. In approaching the defendant's automobile Officer Davis saw the defendant make some transfer to one Pate. He walked directly to the door of the automobile and identified himself. He saw the defendant take a plastic bag in his right hand and put the hand behind him. The light was on inside the car and he could see several plastic bags which he knew were commonly used to transport narcotics, one containing green vegetable material resembling marijuana, another containing plastic tubing used by narcotics violators. He arrested the defendant and examined the other plastic bags which contained

white powder, plastic tubing, pills and capsules. All of the articles were in plain view of the officer either before or after the defendant got out of the car. Officer Davis was familiar with the narcotics traffic. He had seen similar material before and he knew that these plastic bags could be used in the transfer of narcotics. No search warrant was necessary since the articles were found in plain view on the front seat of the car and not discovered by any search. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706; *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25; *State v. Parks,* 14 N.C. App. 97, 187 S.E. 2d 462, *cert. denied,* 281 N.C. 157.

We have carefully considered the other assignments of error presented by the defendant including denial of his motion for nonsuit and his objections to the charge of the court and find them without merit. The charge of the court when taken as a whole presented every element of the offenses charged and instructed the jury fairly and impartially upon all the law arising on the evidence. The defendant filed no request for additional instructions.

[4] Finally, the defendant complains that the sentences imposed were excessive. Each offense was a felony punishable under the statute, G.S. 90-95, by imprisonment of not more than five years and a fine of not more than $5,000.00. The sentences were well within statutory limits and are not reviewable on appeal. *State v. Fleming,* 202 N.C. 512, 163 S.E. 453.

Defendant was caught with LSD, MDA, and marijuana in his possession on the front seat of his car. The evidence of his guilt is overwhelming. Upon this record the defendant has received a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.