STATE OF NORTH CAROLINA v. MIAMI ARELLIA HAMILTON

No. 7320SC647

(Filed 19 September 1973)

1. **Homicide § 30— submission of first degree murder — error cured by verdict of second degree murder**

   Any error in the submission of the question of guilt of first degree murder was cured when the jury found defendant guilty of the lesser offense of second degree murder.

2. **Homicide § 4— premeditation and deliberation**

   Premeditation and deliberation may be present even though the defendant is angry at the time of the killing if he acts in the furtherance of a fixed design to kill.

3. **Homicide § 21— first degree murder — sufficiency of evidence**

   The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of first degree murder where an eyewitness testified that the victim was in the kitchen of his home cooking biscuits when defendant entered the kitchen and angrily asked the victim where he was last night, that defendant picked up a knife from the kitchen table and started striking at the victim, that the witness restrained defendant but released her when she threatened to cut him, and that defendant then stabbed the victim to death, since the jury could reasonably have concluded that defendant had formed a fixed design to kill the victim before she entered the kitchen.

4. **Criminal Law § 88— cross-examination — past employment practices of witness**

In this homicide prosecution, the trial court did not err in refusing to permit inquiry into the past employment of the State's chief witness after conducting a *voir dire* hearing and ruling that such information was of limited relevance and dealt with matters collateral to the main issue in the trial.

5. **Criminal Law § 43— gruesome photographs**

If photographs are duly authenticated and portray conditions observed by witnesses who use them to illustrate their testimony, they are admissible in evidence even though they may depict gruesome and revolting scenes.

6. **Criminal Law § 114— no expression of opinion in charge**

The trial court in this homicide prosecution did not express an opinion on the evidence in summarizing the evidence for the jury. G.S. 1-180.

APPEAL by defendant from *McConnell, Judge,* 19 February 1973 Session of Superior Court held in UNION County.

Defendant was charged in a bill of indictment with the first degree murder of Fred Ledbetter on 14 October 1972. She entered a plea of not guilty but was convicted by the jury of murder in the second degree. From a judgment imposing a sentence of fifteen to twenty years imprisonment, defendant appeals.

*Attorney General Morgan, by Assistant Attorney General Charles M. Hensey, for the State.*

*Chambers, Stein, Ferguson & Lanning, by James C. Fuller, Jr., for defendant appellant.*

BALEY, Judge.

Defendant contends that the State introduced no evidence of first degree murder and that it was error for the court to permit the jury to consider first degree murder as a possible verdict.

[1] Defendant was found guilty of the lesser offense of murder in the second degree and any error which might have occurred by the submission of the issue for the greater offense was thereby cured. *State v. Parks,* 14 N.C. App. 97, 187 S.E. 2d 462 (1972).

[2] Nevertheless, an examination of the State's evidence shows that it was sufficient to support a conviction of first degree

murder. Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. G.S. 14-17; *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393. Premeditation means " 'thought beforehand for some length of time, however short.' " *State v. Perry,* 276 N.C. 339, 346, 172 S.E. 2d 541, 546. " 'Deliberation means . . . an intention to kill, executed by the defendant in a cool state of blood, in furtherance of a fixed design . . . and not under the influence of a violent passion, suddenly aroused by some lawful or just cause or legal provocation.' " *Id.* The requirement of a cool state of blood does not mean that the defendant must be calm or tranquil. Premeditation and deliberation may be present even though the defendant is angry at the time of the killing, if he acts in the furtherance of "a fixed design to kill." 4 Strong, N. C. Index 2d, Homicide, § 4, p. 196; *accord, State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769, *cert. denied,* 368 U.S. 851. It is not necessary, and usually is not possible, for the State to prove premeditation and deliberation directly; they must be inferred from the circumstances. *State v. Matheson,* 225 N.C. 109, 33 S.E. 2d 590.

[3]   In the present case, George Eddie, who was visiting at Fred Ledbetter's house when the killing occurred, was a witness for the State. According to his testimony, defendant came into the kitchen while Ledbetter was cooking biscuits, and angrily asked him: "Where were you last night?" She spotted a knife on the kitchen table, picked it up, and started striking at Ledbetter. George Eddie then grabbed defendant and pulled her down across his lap, but he had to release her when she threatened to cut him. When Eddie released her, she went after Ledbetter again and stabbed him to death. During this time Ledbetter was not threatening defendant or doing anything that would offend her, but was merely standing still, with his back to a wall and his hands at his sides.

From this evidence the jury could reasonably have concluded that before entering Fred Ledbetter's kitchen defendant had formed a fixed design to kill him, and that while in the kitchen, she purposefully carried out that plan. This would have constituted first degree murder. Since, when viewed in the most favorable light for the State, the evidence would have supported a conviction of first degree murder, it is clear that this issue was properly submitted to the jury.

State v. Hamilton

**[4]** The next assignment of error brought forward by defendant concerns the refusal of the trial court to permit inquiry into the past employment history of the State's witness, George Eddie. After conducting a *voir dire* hearing the court ruled that this information was of limited relevance and dealt with matters collateral to the main issue in the trial. In cross-examination a trial judge has discretion to exclude questions that are "of only tenuous relevance," as well as those which are irrelevant. 1 Stansbury, N. C. Evidence (Brandis rev.) § 35, at 108; *see State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20; *State v. Chance,* 279 N.C. 643, 185 S.E. 2d 227.

**[5]** The third assignment of error relates to the alleged improper admission of photographs. If photographs are duly authenticated and portray conditions observed by witnesses who use them to illustrate their testimony, they are admissible in evidence even though they may depict gruesome and revolting scenes. *State v. Duncan,* 282 N.C. 412, 193 S.E. 2d 65; *State v. Chance, supra.*

**[6]** Defendant's last assignment of error asserts that the charge of the court in summarizing the evidence for the jury was weighed in favor of the State to such a degree that it constituted an expression of opinion in violation of G.S. 1-180. The State presented a great deal more evidence than the defendant and it is to be expected that more time would be required for summary. There is no validity to the contention that there was any indication of prejudice against the defendant in the charge of the court. It was presented fairly and impartially and showed no bias toward either side. *State v. Jessup,* 219 N.C. 620, 14 S.E. 2d 668; *State v. Crutchfield,* 5 N.C. App. 586, 169 S.E. 2d 43.

The credibility of witnesses is a matter for the twelve. Here the defendant claimed self-defense. An eyewitness to the crime told a different story. The jury chose to believe the evidence for the State.

No error.

Chief Judge BROCK and Judge BRITT concur.